7044

PURYEAR v. OULD.

1. PLEADINGS—EVIDENCE.—Under allegations of a contract for personal services for a definite period it is competent to show a contract was made at first with the principal and his manager, who had authority to contract, for no definite period, but soon thereafter the manager made the contract run for a year.

2. Election.—Under a complaint, alleging only one cause of action, plaintiff cannot be required to elect under which cause of action he will proceed.

3. Nonsuit is properly refused where there is evidence tending to support the allegations of the complaint.

4. Evidence—Conversations—Hearsay.—Statements made by another to one contracting party and by him related to the other contracting party during the negotiations about the contract may be brought out as a part of the conversation between the contracting parties and is not hearsay.

5. Ibid.—Principal and Agent.—Whether the agent informed his principal of a change in the contract can be of no probative value in determining what the contract with the agent was.

6. Ibid.—Master and Servant.—Whether other employees were employed by the master by the month can be of no value in determining whether this employee was employed by the year.

7. Ibid.—Declarations by an employee to the master's second manager that she had an established line of custom can throw no light on whether the contract made between such employee and the master and first manager was made on the representation by the employee that she had an established line of custom which she would bring to his store.

8. Ibid.—Principal and Agent.—Declarations of an agent accompanying an act are a part of the *res gestae* and are also admissible here in response to evidence by defendant that plaintiff was dismissed because of unsatisfactory service.

9. Master and Servant—Pleadings.—Defendant was not prejudiced by the modification to his request to charge that if sufficient cause existed for the discharge of an employee it will justify the discharge, although not the inducing cause, to the effect that any justification must be pleaded and any justification here pleaded, if established, would defeat the action, and the point was covered in other requests.

Before Klugh, J., Anderson, February term, 1908. Affirmed.

Action by Bertha Puryear against G. W. Ould. From judgment for plaintiff, defendant appeals.

*Messrs. Bonham, Watkins & Allen,* for appellant, cite: *Any sufficient cause will justify a discharge:* 2 Cyc.. 1002; Pars. Law of Com., 526; 4 McC., 246, 248; 17 S. C., 480.

*Messrs. Quattlebaum & Cochran,* contra.   No citations.

November 16, 1908.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff brought this action to recover of defendant $160, as salary due her upon a contract made on or about September 15, 1906, for the term ending September 1, 1907, at forty dollars per month. Defendant discharged plaintiff from his service on May 1, 1907, and the suit was for the salary from May 1 to September 1, 1907.   Defendant admitted having employed plaintiff, but denied that the employment was for the term as alleged; but alleged that he employed plaintiff by the month, and that he discharged her because her services were unsatisfactory.   The judgment was for plaintiff for the amount claimed.

Defendant's exceptions, 1, 2, 3, 5 and 12, to this judgment involve in various forms the question whether the contract proved was the contract sued upon.   The complaint alleged that the contract for the term was made on or about September 15, 1906.   In her testimony plaintiff stated that about September 15, 1906, after negotiations between her and defendant, in the presence of W. C. Carpenter, defendant's manager, she began work for defendant, at forty dollars per month, without any mention of the term of service, but that a few days thereafter, wishing a more definite arrangement, she approached W. C. Carpenter, the manager, and they made an agreement that her employment was for the term ending 1st September, 1907, at forty dollars per month.   Assuming that the first contract did not contemplate employment for the year, it was perfectly competent for the parties to modify the former contract so as to make it for the year instead of by the month.   It is not contended, and under the testimony could not be contended, that W. C. Carpenter had no authority to modify the former contract.   The evidence was responsive to the allegations

of the complaint, based upon a contract for a definite term, hence it was properly admitted.   As the complaint alleged a single cause of action, the refusal of the motion to make plaintiff elect upon which cause of action she would proceed was properly refused, and as there was evidence tending to support the allegations of the complaint, there was no error in refusing motion for nonsuit.

The fourth exception alleges error in allowing plaintiff to testify that in the conversation with W. C. Carpenter, resulting in said agreement, she told him that Miss Cohen had informed her that a friend informed her (Miss Cohen) where plaintiff could get a permanent position.   It is objected that this was hearsay.   The point at issue was not whether plaintiff could get permanent employment elsewhere, but whether defendant employed plaintiff for a definite term.   Hence, the testimony was not obnoxious to the rule against hearsay.   It was given as a part of the conversation with defendant's manager, which resulted in the employment which is the subject-matter of the suit.

The sixth exception charges error in refusing to allow defendant to answer the question: "Did Mr. Carpenter ever report to you any changes being made in her contract?" We think there was no error.   It is manifest that a conversation between defendant and his own agent, with reference to whether a contract was made or modified with plaintiff, would be incompetent as against the plaintiff.   If we should concede that the agent made no report to defendant on the subject, it would have no probative value as against the positive testimony that such a contract was made with the agent.   The defendant testified that he knew of no modification of the contract made with him.

The seventh, eighth and tenth exceptions assign error in refusing to allow A. E. Carpenter to testify whether his

employment, or that of any other employees. of defendant, was by the year or month.   The nature of the contract between defendant and other employees was not relevant to the issue as to his contract with plaintiff.   Some of defendant's employees were allowed to testify that they were employed by the month, but we fail to see how such testimony would materially tend to overthrow the positive testimony as to the terms of the particular contract with plaintiff.

The ninth exception complains of error in refusing to allow E. A. Carpenter, who became manager after the death of W. C. Carpenter, to answer the question: "Did Miss Puryear ever say anything to you about having an established line of customers and trade?"   The contract was not made with E. A. Carpenter, but with W. C. Carpenter, as agent for defendant.   Any declaration which plaintiff may have afterwards made to E. A. Carpenter, as to her having an established line of customers, would not tend to show that her previous contract was based on such representation.   The defendant testified fully as to the representations made by plaintiff in her conversation with defendant, in the presence of W. C. Carpenter, when she was first employed, to the effect that plaintiff represented that she had a good trade, and would bring trade to his store; and plaintiff in her testimony admitted that she told defendant that she thought she could bring her old customers with her to the store, and would if she could.   The subsequent declaration, if made, could not have thrown any light on the issue.

The eleventh exception charges error in allowing plaintiff, in reply, to tell what Mr. Coleman said when he discharged her.   Coleman was then managing agent for defendant, and was instructed by defendant to discharge her. Plaintiff testified that Coleman, when he discharged her, assigned dullness of business as the reason. Declarations, accompanying an act and explanatory thereof,

are admissible as part of the *res gestae.* Besides, the testimony was in reply to the testimony offered by defendant as to the unsatisfactory character of plaintiff's services.

Under the thirteenth and last exception defendant contends that the Court should not have modified his last request to charge, which was: "Where a sufficient cause exists for the discharge of an employee, although not the inducing motive to the discharge, it will justify the discharge." Judge Klugh charged this as a sound proposition of law, but added that matter relied on in justification must be pleaded, and that "Any justification pleaded here, if established, would be a sufficient defense for the action."

The qualification was in accordance with the general rule, that matter in justification must be pleaded. *Latimer* v. *York Cotton Mills,* 66 S. C., 135, 44 S. E., 559; *Henderson* v. *Bennett,* 58 S. C., 30, 36 S. E., 2, 26 Cyc., 1005.

Similar requests to charge were given without qualification, as, for example, the jury were instructed, as requested by defendant: "If a justifiable cause for dismissal existed plaintiff cannot recover, although not dismissed expressly on that ground." "If just cause for dismissal existed plaintiff could only recover for the services rendered, and not for the remainder of the term."

We discover no error of law justifying reversal.

The judgment of the Circuit Court is affirmed.