7533

COBB v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—ISSUES.—Where there is negligence in deliver-
ing a telegram announcing the death of a grandchild it is for the
jury to say whether the grandfather was justified in bearing his
suffering from not attending the funeral rather than ask the father by
telegraph or telephone, at his command, to postpone the funeral until
he could arrive or to take a long journey through the country by
private conveyance.

2. IBID.—A NONSUIT should not be granted because addressee of a tele-
gram was away from home when it should have been delivered as
that would assume the family of deceased would have made no
successful effort to communicate with him.

3. IBID.—ISSUES.—That a telegram announcing a death and asking
addressee to come at once is negligently delivered; that wife of
addressee took the next train and arrived too late for the funeral, is
sufficient for the jury to infer that the addressee could not have com-
forted himself with the expectation of getting to the funeral in time
by taking the next train.

4. IBID.—CHARGE here complained of construed to give the jury the
correct rule that the plaintiff in order to recover in a mental anguish
suit must show the negligence in delivering the message rendered
unavailing any effort he might make to reach the place of the funeral
in time.

Before SHIPP, J., Greenville, March, 1909.    Affirmed.

Action by A. A. Cobb against Western Union Telegraph
Company. From judgment for plaintiff, defendant ap-
peals.

*Messrs. Geo. H. Fearons, John Gary Evans* and *Jos. A.
McCullough,* for appellant, cite: *Mental anguish incidental
to information:* 70 S. C., 422; 72 S. C., 120, 294; 73 S. C.,
220.   *Negligence not proximate cause of injury:* 69 S. C.,
531; 72 S. C., 522; 76 S. C., 536; 27 S. W., 52; 78 S. W.
492.

*Messrs. Haynsworth, Patterson & Blythe,* contra, cite:
*Negligence was shown:* 69 S. C., 550; 76 S. C., 306; 77 S.

C., 62. *There was evidence of damages:* 81 S. C., 239; 72 S. C., 523; 70 S. C., 424. *Duty of plaintiff:* 77 S. C., 61. *Charge construed as whole did not mislead jury:* 83 S. C., 18.

April 4, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a judgment of $150 for mental anguish. The plaintiff, who lived at Belton, South Carolina, was the grandfather of the little child, Cathleen Barry, who lived at Tucapau, South Carolina, with her father and mother. On February 26, 1907, a telegram was delivered to defendant's agent at Welford, South Carolina, for Charles Barry, Cathleen's father, in these words:

"Time filed—3:30 p. m. Check—Pd. 25 cents.
                    "Welford, S. C., February 26, 1907.
"To A. A. Cobb, Belton, S. C.:
    "Cathleen is dead. Come at once.
                                "CHARLES BARRY.
"E—Rs. Fd.—3:35 p. m."

The allegation of the complaint is that the plaintiff was prevented from attending the funeral of the said child, and was deprived of ever again looking upon the face of said child, to whom he was much attached, "by the negligence and wilfulness of the defendant in delaying the delivery of the message." The Circuit Court instructed the jury that there was no evidence of wilfulness or wantonness, and that, therefore, the verdict could not include punitive damages.

As we understand the exceptions and the record, the position was not taken that there was an entire lack of evidence of negligence on the part of the plaintiff; but the counsel for the defendant contended that there was no evidence that any negligence of the defendant prevented the plaintiff from attending the funeral, or operated as a

proximate cause of any mental anguish, and asked the Court to so hold by a motion for a nonsuit, by requests to charge and by a motion for a new trial.

In disposing of these positions the testimony most favorable to the plaintiff must be taken as true. According to that testimony the message was received by the Belton operator at 3:50 p. m. The plaintiff lived one hundred and fifty or two hundred yards beyond the free delivery limit of one-half mile, but was frequently on the streets of Belton at work in his business of an insurance agent. The agent of the telegraph company was also agent of the Southern Railway Company. He received on an average only about four or five messages a day and had no messenger boy, but the agent of another railroad transacted his business in the same office and sometimes relieved defendant's agent to enable him to deliver telegrams. On receipt of this telegram, the agent made some inquiry for plaintiff on the streets, but failed to find him, and ascertained from the chief of police that he lived beyond the free delivery limits. At 5:08 p. m. defendant's agent sent a service message to Welford asking for guarantee of charges for delivery beyond the free delivery limits. At 6:10 he received the guarantee, but did not deliver the telegram until between eight and nine o'clock, and then only when plaintiff called for the telegram in response to a verbal message sent by the agent that it was there for him. According to the plaintiff's evidence the last train on which he could have reached Welford in time for the funeral had passed Belton just before the agent handed him the telegram. His wife left on the train which passed Belton very early the next morning, but was unable to reach Welford in time for the funeral. The plaintiff testified that he would have gone on the afternoon train, and would have reached the home of his daughter in time for the funeral if the telegram had been promptly delivered. There was a telephone as well as a telegraph connection between Belton and Tucapau, but plaintiff made no effort to

obtain a postponement of the funeral. There was no evidence as to the night office hours of the telegraph company at Welford, and it was not clearly shown that the telephone line was available after eight o'clock at night.

Insisting that both the telegraph and telephone were available to the plaintiff, defendant's counsel contend that the plaintiff could have attended the funeral notwithstanding any negligence of defendant if he had made any effort to obviate the effect of such negligence, by using the telegraph or telephone service. The duty of one to use due diligence to obviate or minimize injurious effects of the negligence of another is well established. *Willis* v. *Telegraph Co.,* 69 S. C., 539, 48 S. E., 538; *Jones* v. *Tel. Co.,* 75 S. C., 208, 35 S. E., 318; *Sullivan* v. *Anderson,* 81 S. C., 478, 62 S. E., 862. The Court expressly so charged the jury in this case, but the Court could not hold as a conclusion of law that the plaintiff could have saved himself from mental anguish by requesting a postponement of the funeral, for the reason that there was no proof that his request would have been acceded to, and no conclusive evidence that these means of making the request were available. *Hughes* v. *Tel. Co.,* 72 S. C., 516, 52 S. E., 107.

The argument is strong that if the plaintiff expected, or then realized, great mental suffering from being deprived of the privilege of attending the funeral, he would have made some effort to communicate a request for postponement. Still, it was for the jury to say whether the plaintiff was justified in bearing his suffering rather than ask the father of the child to incur the inconvenience of a postponement of the funeral rites. So, also, the question whether the duty of the plaintiff to minimize his damage required that he should take a journey of twenty-seven miles by private conveyance after he received the telegram, in order to attend the funeral, was clearly an issue for the jury.

There was no ground for a nonsuit in the fact that the plaintiff was away from his home when the telegram should

have been sent there.    To grant a nonsuit for that reason would require the assumption that the family of the plaintiff would not have made any successful effort to communicate with him in time for the train.

At the argument the point was earnestly pressed that the plaintiff could not have suffered mental anguish on account of the failure to get the telegram promptly because he did not know after it was delivered that he could not reach Tucapau in time for the funeral.    The position is clearly unsound.    The child was to be interred in a country neighborhood, and the message indicated that it was necessary to come at once.    That there was reason for the jury to infer that the plaintiff could not have comforted himself with the expectation of getting to the funeral by taking the early train, is shown by the fact that his wife did take that train and reached Tucapau too late.

In the remaining exception the defendant alleges error in placing the burden of proof on the defendant by the following instruction: "If he (plaintiff) has not proven his case by the preponderance or greater weight of the evidence, then it would be your duty to find for the defendant; or if the defendant has satisfied you by the greater weight of the testimony that he could have reached the place in time to attend the funeral by the exercise of due care, and if the injury resulted from his failure to exercise proper care under the circumstances to reach the place in time to attend the funeral, and he could have by the exercise of due and proper care attended the funeral, then, under the circumstances, it would be your duty to find for the defendant."    This instruction was not a correct statement of the law, for the plaintiff's case depended upon his proving that he was prevented from attending the funeral by the negligence of the defendant; and to do this it was necessary for him to show that the negligent delay in delivering the message had made any reasonable effort that he might make to reach the place in time unavailing.    But

when the whole charge is taken together, it cannot be doubted that it expressed to the jury the law as just stated. This will be apparent from the following extract: "It was his duty to use reasonable means to reach the place where the funeral took place, if there were such means in his hands, and if there were such means at his hands which a reasonable effort on his part, would have made it available for him to have reached the funeral and he failed to use that care, and he could have reached the funeral notwithstanding the delay in the message, if there was a delay, and he failed to do that, then he could not recover in this case."

The judgment of this Court is that the judgment of the Circuit Court be affirmed.