7152

            BING v. ATLANTIC COAST LINE R. R. CO.

  1. VERDICT—NEW TRIAL.—Where the witnesses swear to an opposite
     state of facts, this Court cannot set aside a verdict supported by
     evidence on one side unless the verdict is so excessive as to warrant
     the conclusion that the Circuit Judge abused his discretion in
     refusing a new trial.
  2. CARRIER—PASSENGER.—It is duty of carrier to stop its train at a
     station where there are passengers to get on or off long enough for
     them to do so.
  3. IBID.—IBID.—AGENT.—It is duty of carrier's agent to give passengers
     information about trains and to answer all reasonable inquiries, and
     failure to do so is competent in an action for punitive damages for
     failure to stop a train to take on passengers.
  4. IBID.—IBID.—INSTRUCTION here complained of *held* to mean if carrier
     stopped its train long enough to give an ordinary passenger a
     reasonable opportunity to board the train it was not liable, if it did
     not it was.
  5. REHEARING refused.

Before GAGE, J., Barnwell, December, 1909.    Affirmed.

Action by Frank Bing against Atlantic Coast Line Railroad Co.    From judgment for plaintiff, defendant appeals.

*Messrs. Barron, Moore & Barron* and *Wyman & Wyman* and *Douglass McKay,* for appellant, cite: *As to declarations of servants after act:* 39 S. C., 441; 28 S. C., 157; 27 S. C., 63; 72 S. C., 256; 1 Ell. on Ev., 378; 1 Green. Ev., sec. 113; 19 S. C., 373; 27 S. C., 67; 53 S. C., 451; 56 S. C., 145; 67 S. C., 362.    *Verdict cannot rest on caprice:* 81 S. C., 32.

*Messrs. R. C. Holman* and *W. H. Townsend,* contra, cite: *Inquiry and answer of agent relevant:* 83 S. C., 411; 58 Ga., 461; 30 So., 367; 81 S. C., 323; 53 S. C., 210; 75 S. C., 144; 84 S. C., 174; 81 S. C., 451; 49 Barb., 148; 122 App. Div., 463; 2 So., 255; 3 S. E., 267; 30 So., 367; 1 Green. Ev., sec. 108.    *Whether train was stopped was for jury:* 67 S. C., 65; 53 S. C., 208.

The opinion in this case was filed July 18, 1910, but held up on petition for rehearing until

August 8, 1910.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.  The plaintiff obtained a verdict and entered judgment for six hundred and fifty dollars on a complaint which alleged that the defendant sold him a ticket from Dumbarton to Barnwell and then wilfully refused to stop the train for which the ticket had been bought, thus making it necessary for him to make the journey by a hired conveyance.

We notice first the error assigned in the refusal to grant the motion for a new trial made on the ground that the amount of the verdict showed that the jury acted from

caprice, or passion, or prejudice. The testimony shows that the witnesses on one side or the other were either perjurers, or victims of a singular failure of memory, or of the senses of sight and hearing. The plaintiff and two witnesses on his behalf testified that they were standing at or very near the station, and that the train did not stop at all; the conductor of the train, the railroad agent, and a passenger testified with equal positiveness that the train did stop long enough to let off and take on passengers. The verdict is a large one, but this Court cannot interfere with it, unless it is without support in the evidence. The jury accepted the evidence that the defendant's agent, in violation of the statute, failed to stop the train when it was evident to him that there were passengers to get off and on. For such a conscious breach of duty the defendant would be liable for punitive damages. The granting or refusal of a new trial absolute or a new trial *nisi* for excess in the verdict was a matter within the discretion of the Circuit Court; and this Court is not convinced that the verdict was so excessive as to warrant the conclusion that the Circuit Judge abused his discretion in refusing a new trial.

The plaintiff was allowed to testify over the objection of defendant's counsel as follows, about a conversation with Thompson, the defendant's sub-agent, at Dumbarton: "Was he or not acting as agent? Yes, sir; and I went back to him and said: 'I have got a ticket to go to Barnwell and the train did not stop and what will I do about it?' and he says: 'That ticket is good on this damn road for the next twenty-four hours to come,' and that was all of the satisfaction that he gave me." The evidence was clearly admissible. It was the obvious duty of defendant's ticket agent at Dumbarton to give passengers information about trains and to answer all reasonable inquiries on that subject. It was the right of the plaintiff to ask information as to any relief the defendant could give him, and it was his duty to

the defendant to seek this information so as to enable him to minimize his damages. *Taber* v. *Seaboard Air Line Ry.,* 81 S. C., 317, 62 S. E., 311; *Berley* v. *Seaboard Air Line Ry.,* 83 S. C., 411; *Cobb* v. *Telegraph Co.,* 85 S. C., 430.

The Court gave this instruction: "Did that train of cars on that day entirely stop at Dumbarton, and did it do so for a sufficient length of time for Frank Bing to get on? If it did, that ends the case. If it did not, then the railroad company has violated the law." In the exceptions it is submitted that this was erroneous, because it was a "charge instructing the jury that Frank Bing was a man of ordinary reason and prudence, using due diligence to board the train; whereas, it should have been for the jury to determine if a man by ordinary reason and prudence, acting with due diligence, could have boarded said train."

The distinction made by the exception is too refined. There was nothing in the evidence to show that Bing was not an ordinarily active person, and the context plainly shows that the Court meant that he could not recover if the defendant stopped its train long enough to give him, as an ordinary passenger, a reasonable opportunity to board the train.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

August 8, 1910. PER CURIAM. Careful examination of the petition for rehearing does not convince us that there was any material issue arising on the record overlooked or disregarded in the judgment of the Court.

The petition for rehearing is therefore dismissed and the order heretofore granted staying the remittitur revoked.