8994

## YARBOROUGH v. COLUMBIA RY., GAS AND ELECTRIC CO.

### (84 S. E. 308.)

TRIAL.　QUALIFICATION OF JURORS.　NEGLIGENCE.　ISSUES FOR JURY.
CHARGE.　NEW TRIAL.　WEIGHT OF EVIDENCE.　EXCESSIVE VERDICT.
NEWLY DISCOVERED EVIDENCE.　CARRIER AND PASSENGER.

1. TRIAL—QUALIFICATION OF JURORS.—Whether a juror is or is not
disqualified by reason of interest or bias from serving upon a jury
is to be ascertained by the Court in the exercise of its discretion,
and the juror need not be put upon his *voir dire* unless a request
therefor is made by a party to the action.

2. JURY — EXCUSING FROM PANEL — DISCRETION. — Excusing from the
panel two jurors, who stood up when the Court asked if any of them
were in defendant's employ, was in the discretion of the Court,
though one had only a small rent account to collect for defendant,
and the other a contract for advertising space with a company, of
which defendant's president was an officer or stockholder.

3. CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.—There
being evidence that an electric car was moving very slowly when a
passenger stepped on the running board to alight, the question of
her contributory negligence is for the jury, and not one of law.

4. TRIAL—INSTRUCTION—OPINION ON FACTS.—A requested charge that
if a passenger leaves her seat while the car is in motion, and steps
on the running board, she assumes the risk incident to such position,
and, if injured through no negligence of the company, cannot recover,
is objectionable as intimating an opinion on the facts.

5. APPEAL AND ERROR—REVIEW—DENYING NEW TRIAL—PREPONDERANCE
OF EVIDENCE.—The question of preponderance of evidence is for the
trial Court on motion for new trial, and not for the Court on appeal
after denial of the motion.

6. APPEAL AND ERROR—REVIEW—EXCESSIVE DAMAGES.—The question of
mere excess of damages for personal injury is one for the trial Court,
and not for re-examination on appeal; it being one on the evidence,
and the excess not appearing as a matter of law.

7. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.—
Where, at the trial, defendant, to show that plaintiff had changed
her testimony, over objection that the stenographer's notes were the
best evidence, introduced testimony of witnesses as to what plaintiff
had testified, the stenographer's minutes are not newly discovered
evidence, but merely cumulative, as regards defendant's motion for
new trial.

8. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.—An instruction
as to injury of a passenger through an instrumentality under the
exclusive care and control of the carrier is pertinent, where there is
evidence that the passenger is injured by the sudden jerk of the
car under the carrier's exclusive care and control.

Before HON. W. A. HOLMAN, special Judge, Columbia,
June, 1914.   Affirmed.

Action by Clyde Yarborough against the Columbia Gas
and Electric Company.   From judgment for the plaintiff
in the sum of $4,000, the defendant appeals.   The facts are
stated in the opinion.

*Messrs. Elliott & Herbert,* for appellant, submit: *Juror
should not have been excused without examination on his
voir dire:* 31 S. C. 255; 48 S. C. 15; 54 S. C. 152; 76 S. C.
539.   *Assumption of risks by passenger:* 199 Mass. 446;
18 L. R. A. (N. S.) 507; 23 L. R. A. 209; 61 N. J. L. 606;
68 Am. St. Rep. 724; 191 Pa. St. 249; 71 Am. St. Rep. 767;
10 L. R. A. (N. S.) 354; 2 L. R. A. (N. S.) 1192; 27 R. I.
370; 123 S. W. 790; 1 St. Ry. Rep. 301; 86 S. C. 72.
*Excessive verdict:* 81 S. C. 32.

*Messrs. Andrew J. Bethea* and *J. B. McLauchlin,* for
respondent, submit: *The Court properly exercised its dis-
cretion in excusing jurors:* Civil Code, 1912, sec 4045;
65 S. C. 242; 16 S. C. 459; 54 S. C. 151; 34 S. C. 16;
43 S. C. 91.   *Issues presented for jury:* 25 S. C. 24; 26
S. C. 187; 20 S. E. 745; 34 S. C. 211; 35 S. C. 572; 29

FOOTNOTE.—As to presumption of negligence in case of injury to pas-
senger while embarking or alighting from car, see note in 15 L. R.
A. 88.

S. C. 303.  *Duty carrier owed passenger:* 85 S. C. 426.
*Passenger invited on running board:* 96 S. C. 456.  *Motion
for new trial:* 74 S. C. 101.  *Charge as to presumption of
negligence:* 85 S. C. 53; 94 S. C. 252; 74 S. C. 136; 26
S. C. 57; 9 Rich. L. 84; 16 Barb. 353.

February 10, 1915.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

The appellant's counsel thus states his case:

"This suit was brought by Miss Clyde Yarborough on
the 24th day of July, 1914, to recover ten thousand
($10,000) dollars damages on account of injuries received
by her as a result of the alleged negligent and wilful con-
duct of the defendant in causing a car from which she
was alighting to jerk forward.  Plaintiff testified that as
defendant's car was nearing the stopping point at the inter-
section of College and Main streets she stepped to the run-
ning board, and that the car started forward with a jerk
and threw her to the street, by which her arm was sprained
and her knee bruised.  The testimony of defendant's
motorman and conductor, and passengers, King, Smith,
Howell, Bundrick and Pope, was to the effect that plaintiff
had attempted to step from a moving car and had fallen."

"The jury found a verdict for plaintiff for four thousand
($4,000) dollars, which his Honor refused to disturb on
motion for a new trial."

"As the case was proceeding to trial the Court excused
from the panel W. L. Kelly and C. P. Heise, jurors, who
stood up when his Honor inquired whether or not any
jurors were related to the plaintiff or in the employ of
defendant.  Mr. Kelly stated he had a small rent account
for the street railway company; that he was a rent collector.
Mr. Heise that he was contracting for advertising space,
and that he had a contract with the company.  His affidavit
shows that his contract was with the Record Publishing

Company, with which company he was informed Mr. E.
W. Robertson, president of Columbia Railway, Gas and
Electric Company, was connected as an officer or stock-
holder. Counsel for defendant objected to these two jurors
being excused from the panel. His Honor ruled it was a
matter for his discretion, and the fact that they had stood
up showed them to be not indifferent, and he would excuse
them from the panel. The jurors were not sworn on their
*voir dire.*"

Exception 1. "This exception charges error in the action
of his Honor in excusing the jurors and in the ruling
1, 2 of his Honor that the matter was for his discretion
and the fact that said jurors stood up when ques-
tioned showed them to be not indifferent.

It is provided in the Civil Code, volume I, section 4045,
as follows:

'The Court shall, on motion of either party in suit,
examine, on oath, any person who is called as a juror
therein, to know whether he is related to either party, or
has any interest in the cause, or has expressed or formed
any opinion, or is sensible of any bias or prejudice therein,
and the party objecting to the juror may introduce any
other competent evidence in support of the objection. If
it appears to the Court that the juror is not indifferent in
the cause, he shall be placed aside as to the trial of that
cause, and another shall be called.' "

It will be observed that the statute says, "on motion of
either party." The record does not show that either party
made a motion to examine the jurors on oath. The jurors
did not consider themselves entirely unconnected with the
appellant and it was within his Honor's discretion to
exclude them. The law is well stated in *Tucker* v. *Buffalo
Mills,* 76 S. C., pp. 541-542, 57 S. E. 626:

"When the case was called on Circuit, plaintiff requested
that all jurors be asked whether or not they were employees
or stockholders in either the Union or Buffalo Cotton Mills.

The defendant objected solely on the ground that the two mills were distinct corporations having one president. It was ascertained that three jurors were employed by the cotton mills named and two by the Union Mills store. While we do not regard this fact as ground for legal disqualification of a juror, still the Circuit Court has very large powers as to the conduct of jury trials, including a discretion to exclude a juror for this cause, if the circumstances are such as, in the judgment of the Court, would afford any reasonable ground for apprehension of unfairness, and his ruling will not be reversed except for abuse of discretion, which does not appear in this case. *State* v. *Wise,* 32 S. C. 45, 10 S. E. 612. Appellant contends that the Circuit Court should have examined the jurors on their *voir dire* and cites *State* v. *Williams,* 31 S. C. 238, 9 S. E. 853, but no request for such examination was made and the ground of objection stated shows that there was no issue as to facts, but presented merely a legal question as to whether the jurors were disqualified on an admitted state of facts."

This exception is overruled.

Exception 2. "In declining to grant defendant's motion for a nonsuit at the close of the plaintiff's testimony on the ground that said testimony showed that plaintiff contributed to her injury as a proximate cause by her own negligence. The error being that the only inference properly deducible from the evidence was that plaintiff contributed to her injury as a proximate cause by her own negligence, and his Honor should have granted a nonsuit for this reason."

Appellant in his argument says: "It has never been held in South Carolina that under all circumstances it is negligence for a passenger to endeavor to board or alight from a moving car, but such conduct, under some circumstances, may be negligence as a matter of law." There was testimony that the car was moving very slowly and the circumstances were for the jury.

This exception is overruled.

Exception 3. "Because his Honor erred in refusing defendant's fifth request to charge as follows:

'If a passenger on a car leaves his or her seat while the car is in motion and steps upon the running board, he or she assumes the risks incident to such position, and if injured through no negligence on the part of the company, such passenger cannot recover.' The error being that said request contained a correct proposition of law and defendant was entitled to this instruction."

His Honor had just charged request No. 4, which was as follows:

" 'Although a carrier of passengers, such as the defendant in this case, is due such passengers the highest degree of care, it is not an insurer of their safety, and if they are injured through no negligence on the part of the carrier, they cannot recover.' I charge you that."

To charge request No. 5 would have intimated an opinion on the facts and was properly refused.

This exception is overruled.

Exception 4. Because his Honor erred in declining to grant a new trial on the following ground, to wit:

"a. Because the overwhelming preponderance of the evidence clearly established the fact that the plaintiff was injured through her own negligence and through no negligence of the defendant, and the excessive sum awarded by the jury indicated that it was biased to such an extent as to be unable to give a fair consideration to the merits of the suit."

This preponderance of the evidence is a question for the Court of Common Pleas and cannot be considered here.

"b. Because the sum of four thousand ($4,000) dollars awarded by the jury was grossly excessive and entirely out of reason when the comparatively slight damage inflicted upon the plaintiff is taken into consideration."

This is also a question for the Court of Common Pleas. The rule is well stated in *Southern Railway* v. *Bennett,* 233 U. S. 81, 34 Supreme Court Reporter, p. 567, 98 S. C. 62:

"The supposed error most insisted upon is the entering of judgment upon a verdict said to be manifestly excessive. It is admitted that the Judge charged the jury correctly, according to principles established by *Michigan C. R. Co.* v. *Vreeland,* 227 U. S. 59, 57 L. Ed. 417, 33 Sup. Ct. Rep. 192, but it is thought to be apparent as matter of law that the jury found more than the charge of the law allowed. The argument is this: The deceased was making not more than $900 a year, and the only visible ground of increase was the possibility that he might be promoted from fireman to engineer, with what pay was not shown. He could not have given more than $700 a year to his family. His expectation of life was about thirty years by the tables of mortality. Therefore, at the legal rate of interest the income from $10,000 for thirty years was all that the plaintiff was entitled to, whereas she was given the principal of $20,000 out and out. It may be admitted that if it were true that the excess appeared as matter of law— that if, for instance, the statute fixed a maximum and the verdict exceeded it, a question might arise for this Court. But a case of mere excess upon the evidence is a matter to be dealt with by the trial Court. It does not present a question for re-examination here upon a writ of error. *Lincoln* v. *Power,* 151 U. S. 436, 38 L. Ed. 224, 14 Sup. Ct. Rep. 387; *Herencia* v. *Guzman,* 219 U. S. 44, 45, 55 L. Ed. 81, 82, 31 Sup. Ct. Rep. 135. The premises of the argument for the plaintiff in error were not conclusive upon the jury, and although the verdict may seem to us too large, no such error appears as to warrant our imputing to Judge and jury a connivance in escaping the limits of the law."

This exception is overruled.

"c. Because the affidavit of W. H. Macfeat with extract from testimony clearly indicated that plaintiff, in order to

gain a verdict, had totally changed her testimony and was simply an imposter attempting to gain a verdict, and his Honor should, therefore, have set aside the verdict rendered by the jury."

The record shows that when the appellant offered to prove the statements of the respondent, at the former trial, by witnesses who heard the former statements, the respondent strenuously objected and claimed that the stenographer's notes were the best evidence and, therefore, the way now required by law. Over respondent's protest, the evidence was allowed. It would be manifestly unfair to deprive the respondent of her verdict by reason of the very evidence for which she called on the trial. The evidence was cumulative and not after-discovered.

This exception is overruled.

Exception 5. "Because his Honor erred in charging the jury as follows : 'I should state where a passenger is injured through any instrumentality under the exclusive care and control of the carrier the law will presume negligence.' The error being that there was no evidence that the plaintiff herein was injured through any instrumentality under the exclusive care and control of the carrier, and the entire question in the case was whether or not there was a jerk of the car, or whether plaintiff fell through her own negligence, and such instruction was not responsive to the allegations or proof and conveyed to the jury the impression that a presumption arose that the injury was caused through the negligence of the defendant herein."

There was evidence that the injury was produced by the sudden jerk of the car under the exclusive care and control of the appellant, and the charge was pertinent.

This exception is overruled.

Judgment affirmed.