## 9621

FOWLER v. NEW YORK LIFE INS. CO.

(91 S. E. 1043.)

1. EVIDENCE — OPINIONS — TRUTH OF APPLICATION FOR INSURANCE.—In action on a life policy, it was improper to permit cross-examination by plaintiff as to whether insured told the truth when he answered questions in the application.

2. APPEAL AND ERROR—HARMLESS ERROR—ADMISSION OF EVIDENCE.—The error of permitting cross-examination by plaintiff as to whether insured truthfully answered questions in application was rendered harmless where one witness did not answer, and the other only "reckoned."

3. INSURANCE—ACTION ON LIFE POLICY—INSTRUCTIONS.—There was no error in charging jury that gist of defense in action on life policy was that insured was addicted to excessive use of liquor; "not that he did not totally abstain from its use, else few people could obtain effective insurance," total abstinence not being in issue, the language at most being irrelevant.

4. APPEAL AND ERROR—REVIEW—CREDIBILITY OF WITNESSES.—In a law case, the Supreme Court has no power to weigh and consider accuracy, credibility, and bias of witnesses, being questions primarily for the jury, and secondarily for the trial Judge.

5. APPEAL AND ERROR—REVIEW—DIRECTED VERDICT—CONFLICTING EVIDENCE.—Where evidence was conflicting as to whether insured was a confirmed drunkard when he took out life policy, stating in the application that he never used liquor to excess, a refusal to direct verdict for insurer will not be disturbed.

Before SEASE, J., Florence, April, 1916.    Affirmed.

Action by A. J. Fowler, as administrator of Mary E. Miles, against the New York Life Insurance Company. Judgment for plaintiff, and defendant appeals.

*Messrs. J. H. McIntosh* and *Thomas & Lumpkin,* for appellant, cite: *As to misrepresentations operating as a fraud upon insurer:* 61 S. C. 343; Richard's Ins. 478; 83 Fed. 631; 75 S. E. 915; 83 Atl. 169; 117 U. S. 29; 55 Atl. 23. *Materiality of representations:* 139 Pac. 242; 36 So. 595; 80 Atl. 1085; 83 Atl. 169; 69 Atl. 385; 35 Atl. 197; 44 N. E. 1088. *Weight of positive and negative testimony:* 152 N. W. 169. *No issue for jury:* 99 S. C. 21; 104 S.. C. 16. *Questions on cross-examination:* 59 S. C. 318; 94 S. C. 404; Greenleaf Ev., sec. 440.

*Mr. J. D. Gilland,* for respondent, cites: *As to question for jury:* 99 S. C. 417; 104 S. C. 16.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action upon a contract, whereby the New York Life Insurance Company insured the life of Samson D. Miles. The policy is for $2,000.00, and the beneficiary named in it was the wife of the insured, dead since her husband..   The

defendant elected to return the premium it had received, and. rescind the policy, and its action was based upon the alleged fraud of the insured in procuring the policy. In his application for insurance the deceased stated that his daily consumption of spirits was *nil,* and that it had been so in the past, and that he had never used alcohol to excess. The defendant alleges that as it turned out these answers were untrue, and Miles knew them to be untrue; that the company relied on the answers and accepted them to be true, and issued the policy on the faith of them. The jury found for the plaintiff, and the defendant has appealed.

There are four exceptions, but there is really only one question in the case; and that is, ought the Court to have directed a verdict for the defendant, and that upon the ground that the only reasonable inference to be drawn from the testimony is that Miles did make untrue answers in his application, and did commit a fraud on the company? We shall consider that question presently; but we shall pause now to dispose of two minor issues made by the third and fourth exceptions.

The counsel for plaintiff did ask the witnesses, Matthews and Turner, on cross-examination, if Miles had told the truth when he answered the questions in the application. Those were improper questions, and the practice which permits them is bad; but the record shows that one witness did not answer the questions, and the other only "reckoned." Nevertheless an error of that character, of so small essence, would not work the reversal of a judgment.

The Court charged the jury in substance that the gist of the defense was that Miles was addicted to the excessive use of liquors; not that he did not totally abstain from its use, else few people could obtain effective insurance under such a policy. The last clause of the sentence is that excepted to. At most the language was irrelevant, for in the instant case there was no declaration by

Miles of past total abstinence, and no pretense by the company that their patrons were held to such conduct. There was no error of law in the charge.

The first and second exceptions make the prime issue adverted to. No question but that there was full proof that the company relied on Miles' answers in the application touching his use of liquor; but the real issue is, were such answers untrue, known to be so, and made to deceive the company?

The appellant's counsel charge in the exception that "the uncontradicted testimony shows conclusively" that Miles was a confirmed drunkard when he applied for policy. Yet on that issue five witnesses testified for the company, and six witnesses testified for the plaintiff. In this Court, in a law case, there is no power to weigh and consider the accuracy, the credibility, and the bias of a witness. Those are questions primarily for the jury, and secondarily for the trial Judge.

We have considered the whole printed testimony; that of one side, on this issue, is so repugnant to that of the other side that it would be a plain violation of our power to judge betwixt the witnesses. *Bing* v. *Railroad,* 86 S. C. 530, 68 S. E. 645.. For us to usurp the power of a jury and a trial Judge, to accomplish ideal justice, would itself be a violation of law.

The judgment below is affirmed.

On petition for stay of remittitur and for rehearing

PER CURIAM. We were mindful that the defendants' witnesses testified to acts of insobriety, and the plaintiffs' witnesses testified to a negative; yet it was the jury's province to judge betwixt them.

The petition is dismissed, and the order staying the remittitur is revoked.