### SOUTHERLAND v. DAVIS, AGENT

(115 S. E., 768)

1. **Master and Servant—Requested Charge on Contributory Negligence Held Misleading Under Federal Act.**—In an action under the Federal Employers' Liability Act, under which contributory negligence is not a complete defense, a requested charge that, even if the employer was negligent, there could be no recovery if the jury found plaintiff would not have been injured but for his own

negligence, and that such want of care on his part, together with the
negligence of the defendant, was the sole proximate cause of his
injury, obviously purported to charge that contributory negligence
would bar recovery, and was properly refused, even though, upon a
close analysis, it was susceptible to a different construction.

2. TRIAL—COURT'S COMMENT QUESTION WAS FOR JURY HELD NOT TO
IMPAIR CHARGE GIVEN.—The statement by the Court, after reading
a requested charge as to the probable decreased earning power of
plaintiff, that "that is a question for you," was not erroneous
where the charge was open to the possible criticism that it assumed
the earning power would decrease, and especially where the Court
in other charges fully and clearly stated the general rule as to
measure of damages.

3. APPEAL AND ERROR—VERDICT NOT SET ASIDE AS EXCESSIVE UNLESS
RESULTING FROM PASSION.—The Supreme Court cannot set aside
the verdict of a jury because the damages awarded are excessive,
unless it is so excessive as to warrant the conclusion that it resulted
from caprice, passion, prejudice, or other consideration not found
in the evidence, and that the Circuit Judge's refusal to grant a
new trial amounted to a manifest abuse of the discretion exclusively
vested in him.

4. NEW TRIAL—AWARD OF $5,790.00 TO SECTION FOREMAN CHARGED
WITH CONTRIBUTORY NEGLIGENCE HELD NOT EXCESSIVE.—A verdict
awarding $5,790.00 for injuries to a railroad section foreman was
not so excessive, even though there was evidence of contributory
negligence which, under the Federal Employers' Liability Act (U.
S. Comp. St., §§ 8657–8665), would reduce the compensation, as to
warrant the Supreme Court in imputing to the Judge and jury
an abuse of power in their separate spheres.

Before BOWMAN, J., Orangeburg, June, 1922.    Affirmed.

Action by D. W. Southerland against James C. Davis as
agent of railways.    Judgment for plaintiff and defendant
appeals.

*Mr. T. M. Raysor,* for appellant, cites: *Federal Employ-
ers' Liability Act applies:* 242 U. S., 169; 61 L. Ed., 228. *As-
sumption of risk bars recovery while contributory negligence
minimizes damages:* 241 U. S., 310; 345 U. S., 535. *In
this State employer has right to defend on ground of con-
tributory negligence:* 85 S. C., 363; 90 S. C., 42 Ann. Cas.,
1913D, 1. Court should have charged as to imparied earn-*

*ing capacity in old age:* 98 S. C., 364; 120 S. W., 508; 128 S. W., 530; 142 N. W., 313; 188 Ill. App., 555; 133 N. W., 102; 107 S. W., 613; 87 S. C., 190; 142 Ky., 273; 134 S. W., 139. *Excessive verdict:* 86 S. C., 530. *Contributory negligence:* 80 S. C., 232; 81 S. C., 522; 82 S. C., 360; 229 U. S., 114.

*Messrs. A. H. Moss* and *Wolfe & Berry,* for respondent, cite: *Charge was in accord with Federal Employers' Liability Act:* 109 S. C., 472; 8 Fed. Stat. Ann., 1322; 57 L. Ed., 417; 60 L. Ed., 978. *Excessive verdict:* 111 S. E., 791.

January 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff, section foreman in the employ of the defendant, was injured while in the discharge of his duties, and thereafter brought this action against the defendant for the recovery of damages. From judgment on verdict in favor of the plaintiff for the sum of $5,790, the defendant appeals.

The exceptions, five in number, raise three points.

The first is grounded upon the refusal of the trial Judge, Hon. I. W. Bowman, to charge:

"That, even if the jury find that the defendant company was guilty of negligence, yet, if they find that the plaintiff would not have been injured but for his own want of care in doing what a person of ordinary care and prudence would not have done, or omitting to do what such a person would have done, and that such want of care on his part, together with the negligence of the defendant, was the sole proximate cause of his injury, then nothing can be recovered."

The defendant's answer sets up the defense that the plaintiff was engaged in interstate commerce at the time of his injury, and that his sole and exclusive right of action, if

any, was under the act of Congress relating to the liability of common carriers by railroad to their employees. It is conceded by appellant that the case was properly tried on the theory of the applicability of the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657–8665). Since the effect of that act is to abolish the defense of contributory negligence as a complete defense, and to establish the doctrine of comparative negligence, if the requested instruction was in conflict with that rule, applicable to the case under the defendant's own view of the law, it follows, of course, that the instruction should not have been given. Whether susceptible upon close analysis to a different construction or not, we think the obvious purport of the proposed charge was to instruct the jury that a finding of contributory negligence would bar a recovery in any amount. The request was therefore properly refused.

The second point (exception 2) is predicated upon the alleged failure of the trial Judge to charge the defendant's fourth request, as follows:

"I further charge you that, if you conclude to award damages, you must take into consideration the fact that the earning power of the deceased might at any time be materially or wholly destroyed. You must make further allowance for the probable decreased earning power of the deceased in his old age."

The record discloses that the request was given, without modification, followed by the comment:

"That is a question for you gentlemen."

Appellant contends that the mere reading of the request thus dubiously commended to the favorable consideration of the jury, was misleading and prejudicial. After giving the instruction introduced by the unambiguous "I charge you," it cannot be held that the defendant was deprived of any benefit to which he was properly entitled by this explanatory comment. The instruction as framed was open to the possible criticism of including a finding of fact by

the Court to the effect that "the probable earning power" of this particular plaintiff would necessarily be decreased in his old age. However strong the probability of such a "bitter consequence" in the ordinary course of nature, it was ultimately a question of fact for the jury, and not for the Court, and the Court's explanatory instruction to that effect was not improper. For that reason, in the light of the further consideration that the presiding Judge in other portions of his charge fully and clearly stated the general rule as to the measure of damages, the point here made affords no adequate basis for a finding of reversible error.

The third point, embraced in exceptions 3, 4, and 5, is directed to the assignment of error in the refusal of the Circuit Judge to grant a new trial upon "the ground that the verdict was excessive and contrary to the charge of his Honor," the presiding Judge. The contention, substantially, is that the verdict was so excessive, in view of the evidence conclusively establishing plaintiff's contributory negligence and of the law, correctly charged, requiring that the award of damages should be proportionately diminished on that account, that the refusal of the motion for a new trial amounted to an abuse of discretion. As appellant concedes, it is not within the province of this Court, confined by salutary constitutional limitation in such cases to the correction of errors of law, to set aside the verdict of a jury unless the verdict is so excessive as to warrant the conclusion (1) "that it is the result of caprice, passion, prejudice, or other considerations not founded in the evidence" (*Huggins v. Railroad Co.*, 96 S. C., 267, 278; 79 S. E., 406, 410), and (2) that the Circuit Judge's refusal to grant a new trial amounted to manifest abuse of the discretionary power in such matters exclusively vested in him by law (*Bing v. Railroad Co.*, 86 S. C., 530; 68 S. E., 645).

4 All the considerations urged upon our attention by able counsel were not regarded as conclusive by the jury and by the presiding Judge in the Court charged with trial of the issues of fact, and, although the verdict may seem to us too large, no such unconscionable excess appears as to warrant our imputing to Judge and jury an abuse of power in their separate spheres, or, as an eminent Court has expressed it, "connivance in escaping the limits of the law." *Southern Railway v. Bennett,* 233 U. S., 81; 34 Sup. Ct., 566; 58 L. Ed., 860; *City of Lincoln v. Power,* 151 U. S., 436, 14 Sup. Ct., 387; 38 L. Ed., 224; *Yarborough v. Electric Co.,* 100 S. C., 33, 39; 84 S. E., 308; *Wilson v. Southern Railway* (S. C.), 115 S. E., 764 (filed January 18, 1923).

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Messrs. Justices Watts, Fraser and Cothran concur.

Mr. Chief Justice Gary did not sit.