11720

STRICKLAND v. MOSKOS

(127 S. E., 265)

1. Trial—Party Desiring More Elaborate Exposition of Law than Contained in Instructions Should Request it.—Party desiring more elaborate exposition of law than contained in instructions should request it.

2. Municipal Corporations—Proximate Cause of Collision Held for Jury.—Refusal of nonsuit on ground of plaintiff's contributory negligence in not keeping lookout for automobile *held* not error, though his negligence be conceded; question of proximate cause of collision being for jury.

3. Damages—Actual and $5,000 Punitive Damages From Automobile Collision Involving Only Temporary Injuries Held Not so Excessive as to Warrant Reversal.—$2,292 actual damages for injuries from automobile collision not involving broken bones or permanent injuries, and which incapacitated plaintiff for four weeks, and $5,000 punitive damages, *held* not so excessive as to warrant reversal.

Before Johnson, J., Charleston, April, 1924. Affirmed.

Action by George O. Strickland against James Moskos. Judgment for plaintiff and defendant appeals.

*Messrs. Mitchell & Horlbeck,* for appellant, cite: *Contributory negligence to support nonsuit:* 77 S. C., 328; 78 S. C., 374. *Abuse of discretion:* 47 S. C., 499. *Rule as to reduction of verdict on appeal:* 79 S. C., 469; 78 S. C.,

552; 83 S. C., 287; 124 S. C., 458; 80 S. C., 9; 85 S. C., 463; 88 S. C., 87; 88 S. C., 388; 95 S. C., 356; 86 S. C., 528; 103 S. C., 102; 114 S. C., 262; 122 S. C., 111; 96 S. C., 267; 17 C. J., 993. *Proper to consider wealth in fixing punitive damages:* 17 C. J., 995; 94 S. C., 189; 89 S. C., 287; 79 S. C., 502; 43 S. C. L., 423. *Error in charge on contributory negligence:* 109 S. C., 78.

*Messrs. J. D. E. Meyer, Thomas P. Stoney* and *A. R. McGowan,* for respondent, cite: *Even if plaintiff guilty of negligence question of contributory negligence was for the jury:* 90 S. C., 281; 109 S. C., 290; 121 S. E., 875. *Appellant cannot ask for nonsuit now as he did not ask for directed verdict at close of case:* 96 S. E., 178; 117 S. E., 186. *Verdict will not be disturbed unless due to caprice, prejudice or passion:* 233 U. S. 80; 121 S. E., 70; 113 S. E., 382; 115 S. E., 768; 120 S. E., 381; 76 S. C., 211; 79 S. C., 151; 81 S. C., 533; 84 S. C., 155; 86 S. C., 528; 112 S. C., 511; 98 S. C., 42; 57 S. C., 395; 12 S. C., 46. *Appellant cannot complain of omission in charge where no request was made:* 114 S. E., 408; 112 S. E., 919; 109 S. E., 106. *Verdict of jury given great weight:* 120 S. C., 7.

March 14, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

A jury in the Court of Common Pleas for Charleston County rendered a verdict for the plaintiff in this case for $2,292 actual damages and $5,975 punitive damages. Upon motion for a new trial the trial Judge held that the verdict for punitive damages was excessive and reduced it to the sum of $5,000, allowing the plaintiff to enter up judgment for $7,292 and costs.

From the judgment this appeal is taken upon the grounds that the trial Judge should have granted a nonsuit because

of the contributory negligence of the plaintiff in not keeping a lookout for the car which struck him, for failure of the trial Judge to properly charge the jury, and for failure of the trial Judge to grant a new trial because of the excessive verdict.

The facts as disclosed by the testimony are that about midnight of October 1, 1922, a collision took place between a Hudson car, driven and owned by the defendant, and a Peerless car, driven but not owned by the plaintiff, at the intersection of Calhoun and Meeting streets, in the City of Charleston. It appears that the plaintiff approached the point of collision at a moderate rate of speed and that he did not see the approaching Hudson car until the collision took place. The Hudson appears to have been driven at a very rapid rate of speed. The Hudson car approached from the right and under an ordinance of the City of Charleston had the right of way. An occupant of the Peerless car, riding on the front seat with the plaintiff, saw the Hudson coming, but it does not appear that he mentioned this fact to the plaintiff. The impact knocked the Peerless some 15 or 20 feet and overturned it, pinning the occupants underneath. The plaintiff was rushed to the Roper Hospital, where it was found that many bruises and a few cuts were on various parts of his body, but no bones were broken. He remained in the hospital three days and resumed his regular work in about three weeks. The testimony does not show that he was suffering any ill effects from the accident at the time of the trial or that he had suffered any after he resumed his regular work.

The charge of the trial Judge as to negligence, con-
1, 2 tributory negligence, recklessness, violation of city ordinances, etc., was remarkably clear and free from error. Should the defendant have desired a more elaborate exposition of the law, he should have requested it. Nor did he commit error of law in refusing the motion for a non-

suit.    The trial Judge may have taken for granted that the plaintiff had violated an ordinance of the city regarding his failure to keep a lookout for cars approaching from the right side, yet he was legally bound to submit to the jury the question of proximate cause.    This was especially true when the testimony showed that the defendant was violating the speed ordinance of the city.

.3    The question of excessive damages, both actual and punitive, presents a much more serious question.    It is very seldom, if at all, that this Court has ever seen fit to reverse the finding of a jury, concurred in by the trial Judge, as to the amount of the verdict.    The following decisions, however, will show that this Court has the power, although it has been most sparingly exercised.

In *Ogilvie v. Conway Lumber Co.,* 80 S. C., 9; 61 S. E., 201, the Court said:

"We have no power to correct the verdict on this ground; it not appearing that the verdict is so excessive as to warrant an inference that it was the result of arbitrariness, capriciousness, or improper motives on the part of the jury."

In *Mills v. A. C. L. Ry. Co.,* 85 S. C., 463, 470; 67 S. E., 565, 568, the Court says:

"Unless it is so grossly excessive as to authorize an inference that it is the result of prejudice or caprice."

In *Guess v. A. C. L. R. Co.,* 88 S. C., 87, 91; 70 S. E., 427, 428, this Court says:

"Unless they are in such an amount as show fraud or corruption, or caprice or prejudice."

In *Leppard v. Western Union Co.,* 88 S. C., 388, 391; 70 S. E., 1004, 1005:

"It should appear that the verdict is so excessive as to warrant an inference that it was the result of caprice or some improper or corrupt motive."

In *Robertson v. Western Union Co.,* 95 S. C., 356, 364; 78 S. E., 977, 979:

"Unless the verdict was so excessive as to manifest capriciousness or fraud."

In *Bing v. A. C. L. R. Co.*, 86 S. C., 528, 530; 68 S. E., 645, 646:

"The granting or refusal of a new trial absolute or a new trial *nisi* for excess in the verdict was a matter within the discretion of the Circuit Court; and this Court is not convinced that the verdict was so excessive as to warrant the conclusion that the Circuit Judge abused his discretion in refusing a new trial."

In *Steele v. Ry. Co.*, 103 S. C., 102, 117; 87 S. E., 639, 644:

"Unless * * * so excessive as to justify the inference that it was capricious, or influenced by passion, prejudice, or other considerations not found in the evidence."

In *Prescott v. Hines, Dir. Gen.*, 114 S. C., 262, 264; 103 S. E., 543, 544:

"Unless it be made to appear that it is so outrageous and capricious as to shock our ideas of right and justice."

In *Southerland v. Davis, Agent*, 122 S. C., 511, 516; 115 S. E., 768, 769:

"No such unconscionable excess appears as to warrant our imputing to Judge and jury an abuse of power in their separate spheres."

In *Huggins v. R. Co.*, 96 S. C., 267, 278; 79 S. E., 406, 410:

"If a verdict which is only moderately excessive is allowed to stand, the trial Judge is alone responsible; for he alone is vested with power and discretion to set it aside, absolutely or conditionally. This Court has no power to do so, unless, as was said in *Bing v. R. Co.*, 86 S. C., 530; 68 S. E., 645, it is so excessive as to warrant the conclusion that the Circuit Judge abused his discretion in refusing to grant relief against it. In that event, this Court would have the power to set it aside, because a verdict which is so excessive as to warrant the inference that it is the result

of caprice, passion, * * * or other considerations not founded in the evidence, is without authority of law, and it would be manifest error of law to refuse to vacate it. *To allow such a verdict to stand would be a just reproach upon the administration of justice."*

The following extract from *Union Bleaching Co. v. Barker,* 124 S. C., 458; 117 S. E., 735, is the latest deliverance by this Court upon the subject:

"This Court is without jurisdiction to review a judgment upon the ground alone that the verdict upon which it is based is excessive or contrary to the evidence. If upon a motion for a new trial it should be made to appear, as a matter of law, an inference from admitted facts, or of facts admitted for the purpose of the motion, that the verdict is excessive, this Court may review a contrary ruling by the trial Court."

Upon a motion for a new trial the presiding Judge held that the verdict as to punitive damages was excessive and cut from it $975. Under the authorities cited above, especially the *Union Bleaching Co. Case, supra,* this Court can pass upon the question of excessive damages.

Let it be remembered that there was no testimony as to the financial ability of either plaintiff or defendant. We take it, however, that as the plaintiff was a taxi driver he could hardly be classed as a rich man. From the name of the defendant we infer that he is a native of Greece, but as to his financial ability the testimony is silent. He may be a rich man who would not seriously feel the punishment inflicted upon him by the jury, or he may be a man of moderate circumstances who would be rendered a bankrupt by the verdict. As to this we know not.

The only damage sustained by the plaintiff was the loss of about four weeks' time, his suffering in the hospital, and the amount he is due the doctor who attended him, which has not been paid. Surely $2,292 should prove more than ample for such damages, especially when he had no property

damage at all.   The wrecked Peerless car was not his property and he could not recover for that.   However, this amount, great as it is, does not shock the sense of justice of the writer of this opinion in a manner similar to the award of $5,975 found in addition to the amount of actual damages as punitive damages for the punishment of the defendant. Such a verdict surely was founded upon caprice or influenced by prejudice or other considerations not found in the evidence.   Justice should be administered by juries as well as by Judges, and verdicts founded on passion, ill feeling, prejudice, or other unworthy motives should be abhorred as potential of evil.   Adopting the words of the able and lamented Justice Hydrick in the *Huggins Case, supra,* we may well say:

"To allow such a verdict to stand would be a just reproach upon the administration of justice."

Dissents from this opinion being filed by the other justices, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur in an affirmance.

MR. CHIEF JUSTICE GARY and MR. JUSTICE T. P. COTHRAN did not participate.