## LINCOLN *v.* POWER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 505. Submitted November 28, 1893. — Decided January 29, 1894.

This court cannot take notice of an assignment of error that the damages found by the jury were excessive and given under the influence of passion and prejudice.

An error in that respect is to be redressed by a motion for a new trial.

The evidence in this case was conflicting and would not have warranted the cour in directing a verdict for the defendant.

It is not eversible error to permit a plaintiff, suing a municipality to recover for in, ries received by reason of defects in its streets, to prove a bill or statem nt of the claim which had been served on the city council before commer cement of the action.

The plaintif in such an action may put in evidence sections of the municipal code.

The question whether the plaintiff was walking upon one part of the sidewalk rather than another was properly left to the jury.

In such an action it would be error to instruct the jury that "where a dangerous hole is left in a sidewalk in a public street of a city, over which there is a large amount of travel, the author will be liable for an injury resulting from the act, although other causes subsequently arising, may contribute to the injury."

An assignment of error cannot be sustained because the judge expresses himself as impressed in favor of the one party or the other, if the law is

correctly laid down, and if the jury are left free to consider the evidence for themselves.

Judges of Federal courts are not controlled in their manner of charging juries by State regulations, such part of their judicial action not being within the meaning of section 914 of the Revised Statutes.

THIS was an action brought, at January Term, 1891, in the Circuit Court of the United States for the District of Nebraska, by Margaret J. Power, a citizen of the State of Iowa, against the city of Lincoln, a municipal corporation of the State of Nebraska, for personal injuries which the plaintiff incurred while passing along a street of said city, and which she alleged had been occasioned by the carelessness and negligence of the municipal authorities in permitting a hole or broken grating to remain in a sidewalk after having been notified of its existence.

The cause was tried before the District Judge, sitting as circuit judge, and a jury, and resulted in a verdict and judgment in favor of the plaintiff for the sum of fifty-seven hundred dollars. The defendant, alleging error in the action of the court below in admitting certain matters in evidence offered in behalf of the plaintiff, and in rejecting others offered in behalf of the defendant, and in certain instructions to the jury, brought a writ of error to this court.

*Mr. Lionel C. Burr* for plaintiff in error.

*Mr. T. M. Marquett* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

The plaintiff in error complains that the damages found by the jury were excessive, and appear to have been given under the influence of passion and prejudice.

But it is not permitted for this court, sitting as a court of errors, in a case wherein damages have been fixed by the verdict of a jury, to take notice of an assignment of this character, where the complaint is only of the action of the jury.

Thus it was said in *Parsons* v. *Bedford*, 3 Pet. 433, 447, 448, per Story, J., commenting on that clause of the Seventh Amendment which declares "no fact tried by a jury shall be otherwise reëxaminable, in any court of the United States, than according to the rules of the common law," that "this is a prohibition to the courts of the United States to reëxamine any facts tried by a jury in any other manner. The only modes known to the common law to reëxamine such facts are the granting of a new trial by the court where the issue was tried, or to which the record was properly returnable; or the award of a *venire facias de novo* by an appellate court, for some error of law which intervened in the proceedings."

In *Railroad Company* v. *Fraloff*, 100 U. S. 24, 31, this court said: "No error of law appearing upon the record, this court cannot reverse the judgment, because, upon examination of the evidence, we may be of the opinion that the jury should have returned a verdict for a less amount. If the jury acted upon a gross mistake of facts, or were governed by some improper influence or bias, the remedy therefor rested with the court below, under its general power to set aside the verdict. But that court, finding that the verdict was abundantly sustained by the evidence, and that there was no ground to suppose that the jury had not performed their duty impartially and justly, refused to disturb the verdict, and overruled a motion for a new trial. Whether its action, in that particular, was erroneous or not, our power is restricted by the Constitution to the determination of the questions of law arising upon the record. Our authority does not extend to a reëxamination of facts which have been tried by the jury under instructions correctly defining the legal rights of the parties."

But where there is no reason to complain of the instructions, an error of the jury in allowing an unreasonable amount is to be redressed by a motion for a new trial.

In the present case such a motion was ineffectually made, the court below evidently regarding the verdict as justified by the evidence. And, apart from the question of our power to consider the subject, we find nothing presented in this record that seems to show that the jury, in the particular complained

of, acted against the rules of law, or suffered their prejudices to lead them to a perverse disregard of justice.

Error is assigned to the refusal of the court to charge the jury that, under all the evidence ·and the law in the case, the defendant was entitled to the verdict.

Our examination of the evidence does not enable us to see error in the refusal of the court to so charge. The issues before the jury were very plain. Were the injuries of the plaintiff caused by her falling into a hole in the sidewalk? Was the existence of this hole· or imperfection in the sidewalk known to the defendant in circumstances and for such a length of time as to have made .it the duty of the defendant, as a municipal corporation having control over its streets, to repair the defect, or be responsible for a failure to do so? Was the plaintiff herself guilty of negligence ·in overlooking the hole in the walk, or in walking upon a portion of the walk where she had no right to go?

The evidence adduced by the plaintiff certainly tended to establish her side of the issue in all these questions, and if not successfully contradicted by the ·defendant's evidence, warranted the jury in finding a verdict in her favor. The defendant's evidence, though contradictory, in· some particulars, of that put in by the plaintiff, did not make out a case so clear and indisputable as would have justified the court in giving ·the peremptory instruction requested.

If, then, no errors were committed by the court below in the admission or exclusion of evidence, or in its charge to the jury, the verdict and judgment must be permitted to stand. Such errors are, however, assigned, and will now receive our attention.

The court permitted the plaintiff to put in evidence a bill or statement of her claim against the city, which she had served on the city council, and to this the defendant excepted.

It is not easy to see what purpose was served by this evidence. The judge stated, in the charge to the jury, that such a notice is required by the law before an action is commenced, and as this assignment is not pressed in. the plaintiff-in-error's brief we do not feel constrained to give it. much importance.

To permit the plaintiff to show that she made such a claim, or gave such a notice, whether required so to do by the law or not, would not seem to be reversible error.

We see no error in permitting the plaintiff to put in evidence certain sections of the municipal code. It thus appeared that the mayor and city council had the care, supervision, and control of all public highways, bridges, streets, alleys, public squares, and commons within the city, and were to cause the same to be kept open and in repair, and free from nuisances. An inspector of sidewalks and street crossings was therein provided for, whose duty it was to see that the sidewalks and street crossings were kept in good repair. It is likewise made the duty of all policemen to take note of all defects in sidewalks, and to give notice of want of repair. One of the sections also contains provisions regulating the construction of cellar ways and entrances to the basement in or through any sidewalk.

Why this evidence was not pertinent we are not told. These provisions of the municipal code only express and provide for what was the plain duty of the city.

Complaint is made of the first instruction given to the jury in that it is said that it made the city the insurer of the absolute safety of its sidewalks, and liable in damages for injuries caused by any defect therein, regardless of the question of negligence. This instruction is, perhaps, liable to the criticism made, and, if it stood alone, it might be fairly claimed that the jury were misled by it; but the court immediately added a further instruction, in which the jury were told to inquire whether the city officers were notified of the dangerous condition of the sidewalk, occasioned by the hole or excavation therein, before this accident happened, and whether the city, through its officers, neglected to repair the defect, or cover or protect the hole after it knew of its unsafe condition; and the right of the plaintiff to recover was made dependent on the jury finding the defendant negligent in those particulars. Read together, as the jury must have understood them, we think the instructions contained a fair exposition of the law.

It is further contended that the court erred in refusing to

give instructions prayed for by the defendant, and numbered seven, nine, and twelve.

Instructions seven and nine impute negligence to the plaintiff in walking on the sidewalk too near to the building line, and on what is termed the area space. The court left it to the jury to find whether the plaintiff was negligent in walking on that part of the walk, and instructed them that if they found that the plaintiff was not negligent, and if the defendant knew of the defect, and permitted it to remain so that the plaintiff was injured, the latter was entitled to recover. Whether the plaintiff was guilty of negligence in walking upon one part of the sidewalk rather than upon another, was certainly not a question of law, and was properly left to the jury.

By the twelfth prayer the court was requested to instruct the jury that where a dangerous hole is left in a sidewalk in a public street of a city, over which there is a large amount of travel, the author will be liable for an injury resulting from the act, although other causes subsequently arising may contribute to the injury.

Such an instruction might be proper enough in an action against the person who committed the wrongful act; but the court was right in refusing it, in the present action, as irrelevant. If it was intended to mean that, because there was a liability to the plaintiff on the part of the actual wrongdoer, the city might not also be liable, it would have been plain error in the court to have given the instruction.

Error is assigned to the action of the court in referring to the Carlisle Tables as enabling the jury to find the plaintiff's prospect of life, and the force of the objection is in the allegation that those tables had not been introduced in evidence. There is high authority for the proposition that courts can take judicial notice of the Carlisle Tables, and can use them in estimating the probable length of life, whether they were introduced in evidence or not. *McHenry* v. *Yokum*, 27 Illinois, 160; *Jackson* v. *Edwards*, 7 Paige, 387; *Estabrook* v. *Hapgood*, 10 Mass. 313.

But it is not necessary for us, at this time, to consider

whether those tables are the subject of judicial notice, because the record fails to show any exception taken at the time, and we have a right to presume that the tables were in evidence, and that the court acted regularly in referring them to the jury as a mode of enabling them to estimate the prospect of duration of the plaintiff's life.

The plaintiff in error complains of the tone of the oral charge of the court to the jury as hostile, and calculated to unduly inflame the minds of the jury.

It must be admitted that some of the expressions used by the learned judge were scarcely decorous, and showed a bias in favor of the plaintiff. But, as has often been said, an assignment of error cannot be sustained because the judge expresses himself as impressed in favor of the one party or the other, if the law is correctly laid down, and if the jury are left free to consider the evidence for themselves. *Vicksburg & Meridian Railroad* v. *Putnam,* 118 U. S. 545; *Simmons* v. *United States,* 142 U. S. 148.

The statutes of Nebraska require that all instructions of the court to the jury shall be in writing, unless the so giving of the same is waived by counsel in the case in open court, and so entered in the record of said case, and it is argued that, by virtue of section 914 of the Revised Statutes of the United States, such provisions of the Nebraska laws is made obligatory on the Circuit Court of the United States for that district, and that hence it was reversible error in the court below to give oral instructions.

But we are of opinion that the judges of the Federal courts are not controlled in their manner of charging juries by the state regulations. Such part of their judicial action is not within the meaning of section 914.

Thus in *Nudd* v. *Burrows,* 91 U. S. 426, where a state statute required a judge to instruct a jury only as to the law of a case, and provided that the written instructions of the court should be taken by the jury in their retirement and returned with the verdict, and where the Circuit Court judge charged the jury upon the facts, and refused to permit them to take to their room the written instructions given by the

court, it was held that this was not error, because the personal conduct and administration of the judge in the discharge of his separate functions were not practice or pleading, or a form or method of proceeding, within the meaning of those terms in the act of Congress. A similar ruling was made in *Indianapolis & St. Louis Railroad* v. *Horst*, 93 U. S. 291. There a state statute prescribed that the judge should require the jury to answer special interrogatories in addition to finding a general verdict. This court held that such a state regulation did not apply to the courts of the United States. The doctrine of these cases was approved and applied in *Chateaugay Iron Co.*, *Petitioner*, 128 U. S. 544, where it was held that the practice and rules of the state court do not apply to proceedings taken in a Circuit Court of the United States for the purpose of reviewing in this court a judgment of such Circuit Court; and that such rules and practice, regulating the preparation, settling, and signing of a bill of exceptions, are not within "the practice, pleadings, and forms and modes of proceeding" which are required by section 914 of the Revised Statutes to conform "as near as may be" to those "existing at the time in like causes in the courts of record of the State."

Upon the whole, we are of opinion that the court below committed no error, and its judgment is, accordingly,

*Affirmed.*