## HERENCIA *v.* GUZMAN.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR PORTO RICO.

No. 46. Submitted November 29, 1910.—Decided December 19, 1910.

It is not the province of this court on writ of error to reverse if dissatisfied with the verdict of the jury; if there was evidence proper for the consideration of the jury, objection that the verdict was against the weight of evidence or that excessive damages were allowed cannot be considered.

An amendment to a bill of exceptions, after bond on appeal had been given and approved, so as to make the record conform to the fact as to the conditions under which certain testimony introduced by plaintiff in error on the trial was given, *held* not error, as it was not unjustified or objected to and the exception related simply to the inclusion of such testimony in the record.

A judgment cannot be set aside on an exception to the refusal of the trial court to allow an expert to testify where the record does not show what testimony the witness was expected to give or that he was qualified to give any.

THE facts are stated in the opinion.

*Mr. Willis Sweet* for plaintiff in error.

*Mr. Frederick L. Cornwell* for defendant in error.

MR. JUSTICE HUGHES delivered the opinion of the court.

This action was brought in the District Court of the United States for Porto Rico to recover damages for personal injuries resulting from the fall of a portion of the building owned by the plaintiff in error which it was alleged he had negligently allowed to remain in a dangerous condition. It was tried by a jury who gave a verdict against plaintiff in error for the sum of $9,000. Judgment was entered accordingly and the case comes here on writ of error.

The argument on behalf of the plaintiff in error proceeds upon the assumption that this court may review the evidence as to negligence and as to the damages recoverable, and may reverse the judgment if the court is dissatisfied with the findings of the jury. This, however, is not the province of the court upon writ of error. As there was evidence proper for the consideration of the jury the objection that the verdict was against the weight of evidence or that the damages allowed were excessive cannot be considered. *Express Company* v. *Ware,* 20 Wall. 543; *New York, Lake Erie & Western Railroad Company* v. *Winter's Administrator,* 143 U. S. 60, 75; *Lincoln* v. *Power,* 151 U. S. 436–438; *Humes* v. *United States,* 170 U. S. 210.

Nor was any exception taken by the plaintiff in error to the instructions which the trial court gave to the jury. The only questions which are properly before us for review are as to certain rulings upon the admissibility of testimony.

Error is assigned in admitting the testimony of a physician, Dr. Joaquin Martinez Guasp, "as correct," and it is further urged that the court "erred in changing the record

relative thereto after the bond on appeal had been given and approved." It appears that the witness was appointed by the court to examine the plaintiff below in order to ascertain his condition at the time of the trial, and that this action was taken with the consent of the counsel for the defendant (the plaintiff in error). The examination was made and the witness subsequently testified without objection. In fact, the counsel for the plaintiff in error conducted the direct examination, and there was no cross-examination. No question, therefore, is presented with respect to the admissibility of this testimony. The bill of exceptions was amended so as to show that the court stated, when the testimony was introduced, not only that the physician's examination had been made by consent, but that counsel had "agreed that his evidence should be considered as correct." This amendment, as the District Judge states, was to conform the record to the fact. Assuming, as we must, that the statement was made by the court, it does not appear that it was unjustified or that it was objected to. The exception of the plaintiff in error is simply to its inclusion in the record.

It is further insisted that the court erred in refusing to allow one Dr. Gonzalez to testify. As to this the record merely sets forth that counsel "offered to present the testimony of one Dr. Gonzalez, as an expert, which testimony is not allowed by the court and to which ruling of the court counsel for defendant thereupon noted an exception." Manifestly the judgment cannot be set aside because of this ruling, for it does not appear what testimony the witness was expected to give, or that he was qualified to give any.

We have examined the other rulings of which plaintiff in error complains, with respect to the striking out of certain testimony, and we find no error.

*Judgment affirmed.*