## SOUTHERN RAILWAY–CAROLINA DIVISION *v.* BENNETT, ADMINISTRATRIX.

### ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 796.   Argued March 2, 1914.—Decided April 6, 1914.

*Quære*, whether ordinary questions of negligence are open in this court in a case coming from the state court based on the Federal Employers' Liability Act.

An isolated phrase in the charge in a case involving the fall of an engine, which did not amount to *res ipsa loquitur*, but was to the effect that proof of a defect in the appliances that the master was bound to use care to keep in order and which usually would be in order if due care

was taken was *prima facie* evidence of neglect, *held*, in this case, not to be reversible error, no attention having been called to the expression at the time.

Whether upon the evidence the verdict is excessive is a matter for the trial court and not to be reëxamined on writ of error. *Herencia* v. *Guzman*, 219 U. S. 44.

Even though the verdict may seem large to this court, it cannot reverse on that ground in the absence of error which warrants imputing to judge and jury a connivance in escaping the limits of the law.

79 So. Rep., 710, affirmed.

THE facts, which involve the construction of the Federal Employers' Liability Act and the validity of a verdict and judgment thereunder, are stated in the opinion.

*Mr. J. E. McDonald*, with whom *Mr. L. E. Jeffries* and *Mr. B. L. Abney* were on the brief, for plaintiffs in error:

Under the Federal Employers' Liability Act there is no presumption of negligence entering into the obligation, and it was the duty of the plaintiff, in an action brought by the servant against the master, to show affirmatively that improper appliances were used and that the defects insisted upon caused the accident through the negligence of the master. *Tex. & Pac. Ry. Co.* v. *Barrett*, 166 U. S. 617; *Patton* v. *Tex. & Pac. Ry. Co.*, 179 U. S. 658; *Looney* v. *Metropolitan R. Co.*, 202 U. S. 480; *Chicago & N. W. R. Co.* v. *O'Brien*, 132 Fed. Rep. 593; *Shandrew* v. *Chicago &c. Ry. Co.*, 142 Fed. Rep. 320; *Mex. Cent. Ry. Co.* v. *Townsend*, 114 Fed. Rep. 737; *Pierce* v. *Kyle*, 80 Fed. Rep. 865.

The charge that where it appears that the servant is injured by and through defective instrumentalities, machinery or places, and things of that kind, it is *prima facie* evidence of negligence on the part of the master, and the master assumes the burden of showing that he exercised due care in furnishing places, means, instrumentalities and matters of that kind was error. *Nor. Pac. R. Co.* v. *Dixon*, 139 Fed. Rep. 737; *Shankweiler* v. *Balt. & Ohio R. Co.*, 138 Fed. Rep. 195; *Rogers* v. *L. R. R. Co.*,

88 Fed. Rep. 462; *Garrett* v. *Phœnix Bridge Co.*, 98 Fed. Rep. 192.

In all actions by the servant against the master brought in the Federal courts for injuries sustained through negligence on account of defective machinery, the plaintiff must show affirmatively throughout the entire case that the master was negligent. See cases *supra.*

The law having placed the positive duty upon the master to furnish reasonably safe appliances, the presumption of law is that the master has discharged his duty, and there is also another presumption, that if they were defective the master 'did not know of it. 4 Thompson on Negligence, § 3864.

It is not sufficient merely to prove that the servant was injured through defective machinery or appliances, but it must be shown that the master knew of the defects, or by reasonable care ought to have known of them. 1 Labatt on M. & S., §§ 119–21, 128–133, 832–8; 2 Thompson on Neg., § 1053; 4 *Id.* 4362; 6 *Id.* 4362, 7528–9; 3 Elliott on Evidence, § 2519, Note 6, L. R. A. (N. S.), p. 345; Note 41, L. R. A., p. 47–8, 52; *Patton* v. *Railroad Co.*, 175 U. S. 658; *Railway Co.* v. *Barrett*, 166 U. S. 617; *Mountain Copper Co.* v. *Van Buren*, 133 Fed. Rep. 61; *Re California Navigation Co.*, 110 Fed. Rep. 670, 674; *Looney* v. *Met. Ry. Co.*, 200 U. S. 480.

It was error of law on the part of the Circuit Judge, affirmed by the Supreme Court of South Carolina, not to grant a new trial or to reduce it to conform to the true measure of damages provided for by the act of Congress upon the ground that the verdict was so excessive under the undisputed facts, as well as the charge of the court, that it deprived the plaintiffs in error of their rights under the Federal Employers' Liability Act.

Any compensation for pecuniary loss sustained by the beneficiaries by reason of the loss of the earnings of the intestate could not be given for a longer period than that

of his expectancy, thirty years, because it cannot be fairly said that the defendants would be responsible 'for such loss beyond that period. *Duval* v. *Hunt*, 15 So. Rep. (Fla.) 876; *Louis. & Nash. R. R. Co.* v. *Trammell*, 9 So. Rep. (Ala.) 870; *Reiter Conley Mfg. Co.* v. *Hamlin*, 40 So. Rep. 280.

As to the measure of damages under the Employers' Liability Act, see *Michigan Cent. R. R. Co.* v. *Vreeland*, 227 U. S. 192; *Am. R. R. Co.* v. *Didricksen*, 227 U. S. 225; *Gulf &c. Co.* v. *McGinnis*, 228 U. S. 173.

The true rule in measuring damages for pecuniary loss in cases like the present, is to ascertain the present net income by deducting the cost of living and expenditures from the gross income, and no more should be allowed than the present value of the accumulation arising from such net income, based upon the expectancy of the life of the deceased, or for such length of time as the beneficiaries would have been entitled to receive support or benefits from him. *Alabama Mineral Ry. Co.* v. *Jones*, 62 Am. St. Rep. 132; *English* v. *Southern Pacific Co.*, 13 Utah, 407; *Pickett* v. *Wilmington &c. R. R. Co.*, 117 No. Car. 616; *Louisville &c. R. R. Co.* v. *Markee*, 103 Alabama, 000; *Mattise* v. *Consumers Ice Mfg. Co.*, 46 La. Ann. 1535; *Louisville &c. Ry. Co.* v. *Goodykoontz*, 12 Am. St. Rep. 380; *Mansfield, &c. Co.* v. *McEnery*, 91 Pa. St. 185. Evidence that the deceased was in the line of promotion at the time of his death is not admissible for the purpose of increasing the measure of damages. *Brown* v. *Chicago &c. Ry. Co.*, 64 Iowa, 652.

This court will examine the entire evidence and the action of the state trial court and of the state Supreme Court and if it is manifest from such evidence that a verdict should not be sustained, as not in conformity with the measure of damages laid down by this court as provided in such statute, such failure is error of law upon the face of the record, and this court has jurisdiction.

In such case this court will examine the evidence. *Mackey* v. *Dillon*, 4 How. 421; *Republican River Bridge Co.* v. *K. P. R. Co.*, 92 U. S. 315; *Domer* v. *Richards*, 151 U. S. 658; *Lang* v. *Rigney*, 160 U. S. 531; *Schlemmer* v. *Buffalo &c. Ry. Co.*, 205 U. S. 1; *K. C. S. R. Co.* v. *Albers Com. Co.*, 223 U. S. 573; *Water Co.* v. *Cedar Rapids*, 223 U. S. 655.

*Mr. W. Boyd Evans*, with whom *Mr. Edwin C. Brandenburg, Mr. F. Walter Brandenburg, Mr. E. J. Best, Mr. G. W. Ragsdale* and *Mr. P. A. McMaster* were on the brief, for defendant in error:

The judgment is not reviewable on the ground of being excessive; there was proof of negligence; the error, if any, was cured by the charge; the exceptions were not taken at trial; no Federal question is involved; the judgment should be affirmed.

In support of these contentions, see *Baltimore & P. R. Co.* v. *Mackey*, 157 U. S. 72; *Bank of Old Dominion* v. *McVeigh*, 98 U. S. 332; *Chicago & Alton R. Co.* v. *Ferry Co.*, 119 U. S. 615; *Chicago &c. R. R. Co.* v. *Whitton*, 13 Wall. 270; *Choctaw, O. & G. R. Co.* v. *Tennessee*, 191 U. S. 326; *San Francisco* v. *Scott*, 111 U. S. 768; *Columbia Realty Co.* v. *Rudolph*, 217 U. S. 547; *Congress Spring Co.* v. *Edgar*, 99 U. S. 645; *Dugger* v. *Bocock*, 104 U. S. 596; *Gamache* v. *Piquignot*, 16 How. 451; *Garrard* v. *Reynolds*, 4 How. 123; *Gila Valley R. Co.* v. *Lyon*, 203 U. S 465; *Heinemann* v. *Heard*, 62 N. Y. 448; *Herencia* v. *Guzman*, 219 U. S. 44; *Humes* v. *United States*, 170 U. S. 210; *Lincoln* v. *Power*, 151 U. S. 436; *McDermott* v. *Severe*, 202 U. S. 600; *N. Y. Cent. R. R. Co.* v. *Fraloff*, 100 U. S. 24; *N. Y., L. E. & W. R. Co.* v. *Winter*, 143 U. S. 60; *N. Y., L. E. & W. R. Co.* v. *Estill*, 147 U. S. 591; *N. Y. Life Ins. Co.* v. *Hendren*, 92 U. S. 286; *Nor. Pac. R. R. Co.* v. *Babcock*, 154 U. S. 190; *Nor. Pac. R. R. Co.* v. *Herbert*, 116 U. S. 642; *Rockhold* v. *Rockhold*, 92 U. S. 129; *St Clair* v. *United States*, 154 U. S. 134; *Stewart* v. *Wyoming Ranch Co.*, 128 U. S. 383;

*Tucker* v. *United States*, 151 U. S. 164; *United States* v. *Conklin*, 1 Wall. 644; *United States* v. *Denver & R. G. R. Co.*, 191 U. S. 84; *Evanston* v. *Gunn*, 99 U. S. 660; *Wash. & Geo. R. R. Co.* v. *Gladmon*, 15 Wall. 401; *Western Mass. Ins. Co.* v. *Transportation Co.*, 12 Wall. 201.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action under the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, for causing the death of the plaintiff's intestate. The plaintiff got a verdict for $25,000, on which the court ordered judgment upon the plaintiffs remitting $5000. Exceptions were taken but the judgment was affirmed by the Supreme Court of the State. 79 S. E. Rep. 710. The exceptions related to the instructions of the court on the matter of liability and to the entering of judgment upon a verdict alleged to be excessive. As to rulings of the former class we have indicated that when the statute is made a ground for bringing up ordinary questions of negligence we shall deal with them in a summary way and usually content ourselves with stating results. Whether such questions are open in a case coming from a state court we need not decide, as, if open, they can be disposed of in a few words.

The defendant was killed by the falling of his engine through a burning trestle bridge. There was evidence tending to show that the trestle was more or less rotten, that the fire was caused by the dropping of coals from an earlier train and that the engine might have been stopped had a proper lookout been kept. The first complaint is against an instruction to the effect that, if a servant is injured through defective instrumentalities, it is *prima facie* evidence of the master's negligence and that the master 'assumes the burden' of showing that he exercised due care in furnishing them. Of course the burden of

proving negligence in a strict sense is on the plaintiff throughout, as was recognized and stated later in the charge. The phrase picked out for criticism did not controvert that proposition but merely expressed in an untechnical way that if the death was due to a defective instrumentality and no explanation was given, the plaintiff had sustained the burden. The instruction is criticised further as if the judge had said *res ipsa loquitur*—which would have been right or wrong according to the *res* referred to. The Judge did not say that the fall of the engine was enough, but that proof of a defect in appliances which the Company was bound to use care to keep in order and which usually would be in order if due care was taken, was *prima facie* evidence of neglect. The instruction concerned conditions likely to have existed for some time (defective ash pan or damper on the engine and rotten wood likely to take fire), about which the company had better means of information than the plaintiff, and concerning which it offered precise evidence, which, however, did not satisfy the jury. We should not reverse the judgment on this ground, even if an objection was open to an isolated phrase to which no attention was called at the time.

The supposed error most insisted upon is the entering of judgment upon a verdict said to be manifestly excessive. It is admitted that the judge charged the jury correctly, according to principles established by *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59, but it is thought to be apparent as matter of law that the jury found more than the charge or the law allowed. The argument is this. The deceased was making not more than $900 a year and the only visible ground of increase was the possibility that he might be promoted from fireman to engineer, with what pay was not shown. He could not have given more than $700 a year to his family. His expectation of life was about thirty years by the tables of mortality. Therefore at the legal rate of interest the income from $10,000

for thirty years was all that the plaintiff was entitled to, whereas she was given the principal of $20,000 out and out. It may be admitted that if it were true that the excess appeared as matter of law; that if, for instance, the statute fixed a maximum and the verdict exceeded it, a question might arise for this court. But a case of mere excess upon the evidence is a matter to be dealt with by the trial court. It does not present a question for reëxamination here upon a writ of error. *Lincoln* v. *Power*, 151 U. S. 436. *Herencia* v. *Guzman*, 219 U. S. 44, 45. The premises of the argument for the plaintiff in error were not conclusive upon the jury, and although the verdict may seem to us too large, no such error appears as to warrant our imputing to judge and jury a connivance in escaping the limits of the law.

*Judgment affirmed.*