### CHICAGO & E. I. RY. CO. v. DIVINE.*
(two cases).

Circuit Court of Appeals, Seventh Circuit.
February 6, 1930.

Nos. 4151, 4152.

H. B. Aikman, of Terre Haute, Ind., for appellant.

Floyd E. Dix and George O. Dix, both of Terre Haute, Ind., and T. S. Waller, Jr., of Paducah, Ky., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. The appeal in No. 4151 seeks reversal of a judgment

in favor of the administratrix of the estate of Annie Lynn Divine, deceased, in an action for causing the death of the deceased through appellant's train colliding with an automobile in which deceased was riding on a highway which crossed appellant's tracks. No. 4152 is an appeal from a judgment in favor of appellee for injuries sustained by him in same accident. The cases were by agreement tried together.

Appellant contends that the record discloses (a) no evidence of appellant's negligence as the proximate cause of the accident; (b) that, as a matter of law, the deceased in No. 4151 and appellee in No. 4152 were guilty of negligence contributing to the accident; and (c) that, in any event, the amount of the judgment in No. 4152 is grossly excessive.

Jesse Divine, Sr., husband of the deceased, was taking his wife and four children from their home in Kentucky for a visit to Indianapolis. They traveled in his Ford touring car, which he was driving. The parents were on the front seat, the mother holding on her lap a 3 year old child, and the other children, aged 5, 8, and 11 or 12, respectively, were on the rear seat. A nephew and his family from Kentucky, traveling in another Ford car, were making the same trip with the Divines, and had safely crossed this track, perhaps 150 feet ahead of the Divine car, which, while crossing, was struck by a north-bound fast passenger train of appellant, and all of the occupants were killed except appellee in No. 4152, who was injured.

The accident occurred about noon on a clear summer day. The negligence charged is failure to sound the whistle at least 80 rods from the crossing and to ring the engine bell continuously until the crossing was passed, as required by the statute of Indiana; also in permitting grass and other obstructions upon its right of way whereby view of the approaching train is interfered with; and also in not providing the signs and warnings as required by statute, and in running the train at a reckless rate of speed.

Of the different charges of negligence we will consider only the first. There is presented the situation, so often met in such accidents, of highly contradictory testimony; the trainmen testifying positively to compliance with the statute by the sounding of the whistle and the ringing of the bell, and the testimony of others in the vicinity who did not hear it. Under more or less similar circumstances in particular cases it has been held, as a matter of law, that negligence has not been shown. Pere Marquette Ry. Co. v.

Anderson (C. C. A.) 29 F.(2d) 479, and cases there cited.

This case differs from most of such, in that there was here evidence on behalf of appellees which is not of a merely negative character. At least two witnesses testified to being in a position where they saw the approaching train and listened for these signals, and that not only they did not hear them, but they were not given. These were the nephew and his wife, who had already crossed the track and were solicitous about those approaching in the other car. With their attention directly upon the train, the evidence they gave is not of the merely negative character as in some other cases, but is quite as positive on behalf of appellees as is that of the engineer and fireman on behalf of appellant. Of the others, some testified they did and others that they did not hear the whistle, but they were unanimous in saying they did not hear the bell, notwithstanding the majority in number were called by appellant. Upon this issue, therefore, it cannot be said that there is no evidence to support the contention of appellant's negligence; and, this being so, the question could not be decided as a matter of law, but was one to be submitted to the jury, whose verdict thereon is binding upon us. Northern Pacific Railroad Co. v. Freeman, 174 U. S. 379, 19 S. Ct. 763, 43 L. Ed. 1014; Chesapeake & Ohio Ry. Co. v. Steele, 84 F. 93 (6 C. C. A.).

The alleged contributory negligence of Mrs. Divine must, of course, be determined by the facts of this particular case, and, unless it can be said that from the evidence her contributory negligence definitely appears, we are not, upon this issue, at liberty to disturb the judgment of the court, which is necessarily predicated upon the jury's finding that contributory negligence on her part does not appear.

It is the statutory law of Indiana, as well as the rule of the United States courts, that the defense of contributory negligence must be established by the party asserting it. Burns' Ann. Ind. Stats. 1926, § 380; Hayes v. Northern Pacific R. Co. et al., 74 F. 279 (7 C. C. A.). Had the action been brought for the death of the husband, who drove the car, it is more than likely, under the circumstances here appearing, that a conclusion of his contributory negligence would be warranted. Indeed, it appears that action brought for his death was consolidated for trial with the other two, and that the verdict of the same jury and judgment thereon were in favor of the railroad company, and

no appeal was taken. This would likely also have been the result in No. 4151 had appellee's intestate been driving the car. But the issue of her contributory negligence does not necessarily rest upon the same considerations as would indicate the contributory negligence of the driver of the car.

There are cases under the circumstances of which it has been held that a mere passenger may be guilty of such negligence contributing to an accident as will bar right of recovery therefor. Kutchma v. A. T. & S. F. Ry. Co. 23 F.(2d) 183 (8 C. C. A.); Southern Ry. Co. v. Priester, 289 F. 945 (4 C. C. A.); Noble v. C., M. & St. P. Ry. Co., 298 F. 381 (8 C. C. A.).

But, again, this depends upon the facts of the particular case. Here was this woman, riding beside her husband on the front seat of a Ford car, holding on her lap her 3 year old child. On the back seat were three other of their children of tender years. The husband was an experienced driver, and nothing appears why she might not safely intrust him with that task. To one knowing about children it must at once be plain that this mother, specially charged, as no doubt she was, with their care on this journey, was quite exclusively occupied with that duty. The care of the one on her lap would doubtless have been quite sufficient to engage her attention; but, when this is supplemented by the care of three more young ones on the back seat, it seems quite evident that it would leave little, if any, opportunity for her to indulge in "back seat driving." This situation itself cries out against charging her with contributory negligence in failing to keep a lookout for places of danger, or to supervise and direct her husband in the driving and management of the car.

True, an 84 year old witness, who was sitting on a porch on the opposite side of the track and about 200 feet away, testified that, when he saw the Divine car just before the accident, its occupants were looking in a direction almost opposite to that of the oncoming train at a gravel bin being built near the track to the north of the highway. If it be assumed that he included Mrs. Divine in his generalization of the occupants of the car, and that just then she was looking northerly, it is not inconsistent with the evidence that, shortly after entering upon the diagonal road that led to the track, she had looked southerly in the direction of the train, and did not notice it, and, when approaching nearer the track, she turned her head toward the north. Trains might have been expected from either way. Apart from having looked toward the north, what sin of omission or of commission does the record disclose whereby she contributed to the accident? If her mind was then preoccupied with the care of her small children, it would have been but a natural response to normal instinct, and would not necessarily subject her to the charge of negligence for her safety. If she responded whole-heartedly to that call upon her attention and faculties, she might well be excused from maintaining a lookout for railroad trains, automobiles, and other dangers incident to automobile travel.

For anything that appears to the contrary, she might have realized the approach of the train and have been too much terror-stricken to do anything; or she may have shouted a warning to her husband, and he, miscalculating the distance of the train, nevertheless, recklessly, if you please, undertook to cross. What could or should she have done to prevent it? Should she have thrown the child down or out, and herself have grasped the control and stopped the car? It does not appear that she would have known how to do this—as many a person, experienced in riding in, but not in driving an automobile, could testify. Should she herself have leaped from the car and abandoned such of her children as she could not take with her? Even had she discovered the danger in sufficient time for averting the accident had she been in charge of the car, there is still nothing to indicate that, with another driving the car, she did not do all that a reasonable person under such circumstances would be expected to do to avoid the calamity. Without any evidence upon this subject, are we at liberty, as a matter of law, to reject every theory or surmise of what she did or failed to do, and adopt only such as would conclusively assume her negligence contributing to the accident? We think not. Under the quite unusual circumstances here appearing, we must conclude that it was for the jury to determine whether contributory negligence on her part was shown.

To appellant's strenuous insistence of the contributory negligence of the boy Jesse Divine, it is a complete answer to say he was aged 8 years.

The contention that his judgment is excessive presents an issue which, generally speaking, is not reviewable on appeal. Southern Ry. Co. v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860; Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81; Detroit Taxicab & Transfer Co. v. Pratt, 2 F.(2d) 193 (6 C. C. A.) and cases there cited.

540

Nevertheless it is plain there was evidence tending to show that the boy was quite severely injured. For five days following the injury he lay unconscious, and there was evidence indicating that at the time of the trial, nearly three years after the accident, he was still suffering therefrom, and that this condition might be permanent. While there was contradictory evidence as to the permanence of the injury, and as to any ill effects long following it, the question was peculiarly for the jury. While the recovery may be somewhat larger than we might deem warranted by the evidence, there is no indication of any abuse of discretion by the District Court in permitting the verdict of the jury to stand.

The judgment in each of the cases is affirmed.

PAGE, Circuit Judge (dissenting as to No. 4151). My dissent from the affirmance of the mother's case is made because the evidence shows that (1) instead of using the care for her own safety required of her by the law, the mother used no care whatever; (2) she committed the performance of her duty to exercise reasonable care for her own safety to the driver, her husband, and his negligence is to be imputed to her (Shultz v. Old Colony St. Ry. Co., 193 Mass. 309, 79 N. E. 873, 8 L. R. A. [N. S.] 579, 118 Am. St. Rep. 502, 9 Ann. Cas. 402; Davis v. Chicago, R. I. & P. Ry. [C. C. A.] 159 F. 10, 16 L. R. A. [N. S.] 424); (3) approaching a place of known danger, she was looking neither at her children nor in the direction from which the danger must come, but was looking away to the north at the sand bin; (4) when she looked toward the south, shortly after entering the diagonal road, as related in the majority opinion, she knew that the cornfield was there, and that she could not have seen a train if there had been one. She did not look elsewhere than at the sand bin after the cornfield was passed.