## KANSAS CITY SOUTHERN RY. CO. v. PINSON.

### No. 6442.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1932.

J. Q. Mahaffey, of Texarkana, Tex., for appellant.

George T. Bartlett, of Linden, Tex., and Wright Patman, of Texarkana, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Della May Pinson sued the defendant railway company to recover damages for personal injuries sustained by her as the result of being bitten by a dog while she was in a waiting room of the company's passenger station at Leesville, La. The action was based on defendant's negligence in permitting the dog to remain in the waiting room with knowledge or notice that he was a vicious dog, or at least that he would bite people who consciously or accidentally stepped on or disturbed him. The plaintiff had arrived at Leesville on a train late on a cold rainy night, and the dog bit her as she accidentally stepped on him. The issues in the case were whether defendant's agents at the station had or were charged with knowledge of the dog's propensity to bite, and whether with their acquiescence the dog had been permitted for several months to stay in the waiting room at night and to sleep by the stove near the ticket office window. There was evidence for the plaintiff that the dog was vicious, and on previous occasions had attempted to bite other people who were in the waiting room. The defendant contends that the dog was not vicious, but was dangerous in the sense that he would bite any one who stepped on or disturbed him in his sleep.

This is the third appeal in the case. On the first trial, the evidence went no further than to show that the dog was frequently seen around but not in the depot; and a judgment for plaintiff was, reversed. (C. C. A.) 23 F.(2d) 247. On the second trial there was evidence that the dog was in the habit of staying in the waiting room at night, and a judgment for defendant based on an instructed verdict was reversed. (C. C. A.) 37 F.(2d) 652. On the third trial, from which this appeal is taken, the evidence for the plaintiff was fully as strong as it was on the second trial, and she recovered judgment for $5,110. It is assigned as error that the trial court refused to again instruct a verdict for the defendant.

Unless we were wrong in holding that plaintiff's evidence in the second trial was sufficient, if believed by the jury, to entitle her to recover, the judgment now appealed from should be affirmed. We are still satisfied that the conclusion we reached upon the facts adduced upon the second trial was right. There was substantial evidence that the dog was vicious, and that defendant's agents for some time previous to plaintiff's injury had knowledge that he was. Defendant's own evidence disclosed that the dog would bite when accidentally stepped on or suddenly awakened by an inattentive passenger having business in the waiting room. The principal dispute in the testimony was whether defendant's agents permitted the dog to remain in the station at night, and that was solved in plaintiff's favor by the verdict

of the jury. It was not essential for .the plaintiff to prove that the dog was vicious; it was enough for her to show his admitted propensity to bite people who touched or disturbed him, and that defendant was charged with knowledge of such vice. The defendant owed the duty to its passengers to exercise reasonable care to protect them against a dangerous as well as a vicious animal; and the jury acted well within their province when they found that defendant was guilty of the negligence charged against it.

We are asked to reverse the judgment on the ground that the verdict is excessive; but the question whether the verdict is excessive or not is one exclusively for the trial court to determine, and is not subject to be re-examined in a federal appellate court. New York, C. & H. R. Railroad Co. v. De Maluto Fraloff, 100 U. S. 24, 25 L. Ed. 531; Wabash Ry. Co. v. McDaniels, 107 U. S. 454, 2 S. Ct. 932, 27 L. Ed. 605; New York, L. Erie & W. R. R. Co. v. Winter, 143 U. S. 60, 75, 12 S. Ct. 356, 36 L. Ed. 71; Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 38 L. Ed. 224; Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81; Southern Ry. v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860.

The judgment is affirmed.

HUTCHESON, Circuit Judge.

I concur on the broad ground that a waiting room for passengers is no place for a sleeping dog to be, and that the fact, without more, that defendant knowingly let a stray dog sleep there is sufficient to support a finding of negligence.

It was not necessary for plaintiff to prove that the defendant knew that the dog was vicious, or that he had bitten or would bite others if they disturbed him. It is the rule that it is best to let a sleeping dog lie. Defendant had no right to speculate upon whether the dog "Rock" was an exception to the rule, or to subject its passengers to the hazard of involuntarily disturbing his slumbers. There was evidence from which the jury could find, as they did, that the defendant knew, or was charged with knowledge, that on cold nights the dog used the waiting room, basking in the warmth of the stove. The conclusion of the jury that it was negligence to permit him to do so, and that it ought reasonably to have been anticipated that some passenger might be attacked with consequent injury, followed easily from the finding that the practice was allowed.