## UNITED STATES v. HUDDLESTON.
### No. 5561.

Circuit Court of Appeals, Seventh Circuit.
Feb. 13, 1936.

594

Arthur Roe, U. S. Atty., of Vandalia, Ill., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., Joseph A. Troy, Jr., Asst. U. S. Atty., of East St. Louis, Ill., and W. Clifton Stone, of Washington, D. C., for the United States.

Frank C. Wade, of Terre Haute, Ind. (Samuel V. Jinkins, of Danville, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and AL-SCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

The United States appeals from a judgment in favor of claimant Huddleston in an action on his war risk insurance contracts, aggregating $10,000, predicated upon the allegation of his total permanent disability occurring while the insurance was in force. The jury found that claimant was permanently and totally disabled May 1, 1919.

October 30, 1918, while under fire in France, claimant was gassed and, becoming unconscious, was immediately hospitalized. When sufficiently recovered he was returned to the United States, and was discharged from the service March 26, 1919.

Claimant contends that his alleged permanent and total disability dates from his gassing, whereby pulmonary tuberculosis and others ills were caused. For appellant it is claimed that there is no substantial evidence to support the contention of permanent total disability beginning while the insurance was in force.

We meet here with embarrassments so frequently present in cases of this nature. When claimant was discharged from service, it was upon examination by, and certificate of, the official examining doctor that claimant was then in good health and suffering from no disease or disability, supplemented by his own signed statement to like effect, here, as is usual, controverted by the claimant's contention that the statements do not represent the facts, and that he did not understand what he was signing. Then there is the long time (here twelve years) intervening between the alleged accrual of the disability and the bringing of the action; although there appears the unusual circumstance that, as testified by claimant, he did present a claim (which he said was turned down) under the insurance in about 1922, an assertion which finds some apparent corroboration in a "Report of Physical Examination of War Risk Insurance Claimant," dated November 30, 1919, signed by a United States medical officer, showing diagnosis of claimant's ailment to be "Tuberculosis. Pulmonary Miliary Acute."

There is also the oft-met situation of much contrariety of evidence as to the claimant's work record. He was a farmer boy prior to his enlistment, and on his discharge he first undertook, for a short time, to follow the barber's trade, wherein he testified he was inexperienced; but learning he had tuberculosis, he returned to the farm. In 1920 he married, and two children were born. With the aid of relatives he bought or rented farms at different times, and he helped others with farm work; and during most of the intervening time he was either a farm owner or a tenant, and was doing more or less work. Witnesses testified to his incapacity for continuous work, and his evident suffering from tuberculosis.

The evidence undoubtedly shows that, at or very shortly after his discharge from the service, claimant developed respiratory troubles; that he was frequently examined, and was treated in Government hospitals and elsewhere, spending as much as six months at one time in a hospital in Colorado.

But notwithstanding facts and circumstances which militate against the conclusion of claimant's total and permanent disability beginning while his insurance was in force, there is substantial evidence in the record tending to indicate not only that he became afflicted with pulmonary tuberculosis while the insurance was in force, but that he has ever since been so afflicted.

While the evidence of the permanence and totality of his disability leaves much to be desired, there is such evidence in support of the jury's affirmative finding thereon that, followed as it was by the court's denial of motion for new trial and its giving judgment upon the verdict,

we would not be warranted in substituting our judgment thereon for that of the jury and the court, notwithstanding the possibility or even the likelihood that our own conclusion would have been otherwise. Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; United States Express Co. v. Ware, 20 Wall. 543, 22 L.Ed. 422.

The judgment must therefore stand unless the record shows the intervention of substantial error to the prejudice of appellant.

Such error is asserted in the admission in evidence, over appellant's objection, of part of a letter to appellee from the federal Veterans' Administration. The letter is dated May 31, 1934, and refers to appellee's claim for compensation. The portion admitted at the trial is:

"A decision was rendered to the effect that the veteran's disabilities, diagnosed pulmonary tuberculosis, active, moderately advanced, and bronchiectasis, moderately advanced, were incurred in service in the World War.
"[Signed]  Hugh Scott
"Hugh Scott, Manager
"Hines, Illinois."

The contention is that this was inadmissible under any circumstances as being hearsay and not original evidence, and that, being in relation to a claim for compensation, it had no bearing upon a claim for insurance, which rests upon a wholly different basis.

To sustain claims for compensation, the disabilities for which they are sought must relate back to the claimant's war service, and in that behalf a statute has been passed providing, inter alia, that: " * * * an ex-service man who is shown to have or, if deceased, to have had, prior to January 1, 1925, neuropsychiatric disease, spinal meningitis, an active tuberculosis disease, paralysis agitans, encephalitis lethargica, or amœbic dysentery developing a 10 per centum degree of disability or more in accordance with the provisions of section 474 of this title shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921, or to have suffered an aggravation of a preexisting neuropsychiatric disease, spinal meningitis, tuberculosis, * * * in such service between said dates, and said presumption shall be conclusive in cases of active tuberculosis disease and spinal meningitis,

* * *"  38 U.S.C. § 471 (38 U.S.C.A. § 471).

Total and permanent disability as basis of a claim under war risk insurance need not originate in the war, but must appear to have accrued while the insurance was in force. There is nothing in the insurance contract which raises any presumption as to kind, character, or extent of disability as is provided in the statute respecting compensation. If predicated on the statute, the letter may have indicated nothing more than that on January 1, 1925, claimant was suffering from pulmonary tuberculosis which disabled him not less than ten per cent., and that the disability presumably was incurred in the war. This would be far from a statement that claimant was totally and permanently disabled while the insurance was in force.

The record satisfies us that the letter could have exerted no material influence on the verdict, nor have substantially harmed appellant's case. Various witnesses testified to observing tuberculosis in this man very shortly after his discharge from the army; and his own testimony had tendency to show that the symptoms observed shortly after his discharge were present at that time and while the insurance was still in force. The reports of Government physicians who examined Huddleston almost yearly from shortly after his discharge indicated that he had respiratory difficulties, in some instances denominated pulmonary tuberculosis, in other cases bronchiectasis, and in some of them both. All these, except this letter, were admitted without objection. It is true that these Government reports did not indicate that he was totally and permanently disabled. Indeed, most of them made no reference to the degree of disability. But neither does the assailed letter specify any degree. It would go only to the fact that as far back as the war he was suffering from pulmonary tuberculosis.

Even if it were conceded by appellant that while the insurance was in force claimant had pulmonary tuberculosis, this would be far from conceding that at that or any other time he was permanently and totally disabled, which is the very crux of the claim. Except that the letter objected to is in relation to compensation, it does not substantially differ from the other reports of Government medical officers received in evidence without

objection. The one dated November 30, 1919, diagnosing claimant's ailments as "Tuberculosis. Pulmonary Miliary Acute," has been above referred to.

Satisfied as we are that, apart from this letter, there was substantial evidence that claimant was afflicted with tuberculosis as far back as May 1, 1919, we cannot find that the letter complained of, even if erroneously admitted, occasioned substantial harm to appellant. That the real question in the case was not whether on or before May 1, 1919, claimant was suffering from tuberculosis, but whether at that time he was permanently and totally disabled, was clearly and pointedly explained to the jury in the court's charge, dispelling, in our judgment, all likelihood that the jury could have been misled by the letter.

The judgment is affirmed.