## SWIFT & CO. v. ELLINOR.
### No. 8856.

Circuit Court of Appeals, Fifth Circuit.
Jan. 23, 1939.

Clyde W. Atkinson and J. Lewis Hall, both of Tallahassee, Fla., for appellant.

C. L. Waller and B. A. Meginniss, both of Tallahassee, Fla., and H. M. Taylor, of Quincy, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

In July, 1937, R. A. McKenzie was killed by an automobile operated by appellant. There were no dependents, and this action was instituted by appellee as executor of the deceased. There is a motion by appellee to dismiss or affirm, but it will be overruled and the appeal decided on its merits.

Upon the trial of the issues by the jury in the court below, a verdict and judgment in the sum of $3,500 were rendered in favor of appellee. The sole question pre-

sented for our decision on the merits is whether this amount is excessive. We therefore presume that appellant was guilty of negligence in causing the death, and that the court's instructions to the jury upon the law were correct. Hotel McAllister v. Coburn, 5 Cir., 18 F.2d 100; Bergeron v. Goldman, 5 Cir., 64 F.2d 917; Western Produce Co. v. Folliard, 5 Cir., 93 F.2d 588; Rule XI, Circuit Court of Appeals, Fifth Circuit.

The deceased was eighty-two years old at the time of his death. He had accumulated, during his life, an estate of the approximate value of $3,000. In 1936, the year preceding his death, he had a net income of about $2,100, which he made by farming.

Under the decisions of the Supreme Court of Florida, construing sections 7047 and 7048 of the Compiled General Laws of Florida 1927, the appellant contends that the sole measure of damages in a suit by the administrator or executor of an estate, where there are no dependents, is the prospective earnings and savings that reasonably may have been expected but for the death, citing Louisville & N. Railway Company v. Jones, 45 Fla. 407, 34 So. 246; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 So. 755, 15 L.R.A.,N.S., 451; Florida East Coast Ry. Company v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310; Marianna & B. R. Co. v. May, 83 Fla. 524, 91 So. 553.

There was evidence to warrant a finding by the jury that, at the time of his death, McKenzie was in good health, that his heart was in excellent condition, that he appeared to be seventy-five or seventy-eight years of age, that he had a life expectancy of six or seven years, and that he had made over two thousand dollars farming during the year preceding his death. He walked erect, for a man of his age, drove his own car, operated a farm, and was able to attend to it successfully; but it is unnecessary for us to relate all of the testimony. We have stated enough to show that, in this case, the excessiveness of the verdict was exclusively for the trial court

and is not subject to review by us. In Louisiana Oil Refining Corporation v. Reed, 5 Cir., 38 F.2d 159, this court said [page 162]: "In a case like this, the question whether a verdict is excessive or not is one exclusively for the trial court to determine, and is not subject to be re-examined in an appellate federal court. Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224; Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; Southern Ry.-Carolina Division v. Bennett, 233 U.S. 80, 34 S.Ct. 566, 58 L.Ed. 860."

In Southern Railway Company v. Montgomery, 5 Cir., 46 F.2d 990, this court said [page 991]: "Appellant complains that the verdict is so excessive as to evince passion and prejudice on the part of the jury. While this criticism would seem to be somewhat justified, this was a matter to be considered by the trial court and to be controlled by requiring a remittitur or by awarding a new trial. Northern Pac. R. Co. v. Herbert, 116 U.S. 642, 6 S.Ct. 590, 29 L.Ed. 755; Gila Valley, G. & N. Ry. Co. v. Hall, 232 U.S. 94, 34 S.Ct. 229, 58 L.Ed. 521. We have no jurisdiction to correct a verdict because it is excessive."

In Kansas City Southern Railway Company v. Pinson, 5 Cir., 61 F.2d 1001, this court said [page 1002]: "We are asked to reverse the judgment on the ground that the verdict is excessive; but the question whether the verdict is excessive or not is one exclusively for the trial court to determine, and is not subject to be re-examined in a federal appellate court. New York, C. & H. R. Railroad Co. v. De Maluta Fraloff, 100 U.S. 24, 25 L.Ed. 531; Wabash Ry. Co. v. McDaniels, 107 U.S. 454, 2 S.Ct. 932, 27 L.Ed. 605; New York, L. Erie & W. R. Co. v. Winter, 143 U.S. 60, 75, 12 S. Ct. 356, 36 L.Ed. 71; Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224; Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; Southern Ry.-Carolina Division v. Bennett, 233 U.S. 80, 34 S.Ct. 566, 58 L.Ed. 860."

The judgment of the district court is Affirmed.