Circuit Court of Appeals, Second Circuit.

Nov. 4, 1946.

## HOME INS. CO. OF NEW YORK v. TYDAL CO. et al.
### No. 11371.

Circuit Court of Appeals, Fifth Circuit.

Jan. 23, 1946.

For former opinion, see 152 F.2d 309.

Austin Y. Bryan, Jr., of Houston, Tex., for appellant.

O. R. Tipps, of Wichita Falls, Tex., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The motion for rehearing urgently insists that we are in error in saying: "In the federal system appellate courts do not normally review the verdict of the jury, but only the acts of the judge. The trial judge alone has the right and duty to set the verdict aside if dissatisfied with it", and that it is our duty to scrutinize more closely the evidence and reconsider our suggestions as to how the jury might reasonably have reached the amount in the verdict they made. Because counsel so frequently call on us to review the sufficiency of the evidence to support a verdict in a civil suit without having, by a proper motion or request to charge, caused the judge to rule upon it; and especially, as here, to declare a verdict excessive, we will call attention to the limitation imposed on federal courts in such suits by the Seventh Amendment of the federal Constitution. After preserving the right of trial by jury in suits at common law where the value in controversy exceeds $20, it adds: "And no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." This has always been held to prevent a federal appellate court doing what we are here urged to do. In Parsons v. Bedford, 3 Pet. 433, 448, 7 L.Ed. 732, where the trial was had in Louisiana, in which State the appellate court may freely examine and correct a jury's verdict, the Constitution was quoted as above, and it was said the only modes known to the common law to re-examine facts tried by a jury were in the grant of a new trial by the trial judge, or the award of a venire facias de novo by an appellate court for some error of law in the proceedings; and that the Louisiana appellate procedure could not obtain in the federal Supreme Court, notwithstanding a federal conformity statute. This ruling has been steadily adhered to, and was applied with reference to a claim of excessiveness in the verdict in New York Central Railroad v. Fraloff, 100 U.S. 24, 31, 25 L.Ed. 531; City of Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224; Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; Southern Ry-Carolina Division, v. Bennett, 233 U.S. 80, 34 S.Ct. 566, 58 L.Ed. 860. This court has repeatedly so ruled, our recent decisions being referred to in Swift & Co. v. Ellinor, 5 Cir., 101 F. 2d 131. We have no function to re-examine the facts found by the jury in this case, and would have better observed our limitations by saying nothing about them in our opinion in this case.

Motion denied.