## TEXAS PACIFIC–MISSOURI PACIFIC TERMINAL R. OF NEW ORLEANS v. WELSH.

### No. 12783.

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1950.

Leonard B. Levy, New Orleans, La., for appellant.

Bentley G. Byrnes, New Orleans, La., W. W. Ramsey, Vicksburg, Miss., for appellee.

Before WALLER, BORAH, and RUSSELL, Circuit Judges.

WALLER, Circuit Judge.

Appellee, foreman of a night switch engine crew of Defendant, after giving the engineer a stop signal, went between two freight cars to adjust the couplers, or to open the knuckles, which, according to him, were defective and out of alignment and had caused a failure of the cars to couple upon an impact in the switching operations in which he was engaged. Another member of the crew, unaware of the fact that the foreman was between the cars, gave a signal to the engineer to proceed, with the result that one of the foreman's arms was crushed so severely as to require amputation. He brought suit under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., alleging: (1) that the couplers were defective in that they did not, and would not, couple automatically upon impact, thereby necessitating his going between the cars in order to adjust the knuckles and to effect the coupling; and (2) that the employees of Defendant were guilty of negligence in moving the cars after he had given the stop signal and while he was in such a position of danger. The jury returned a verdict for the Plaintiff in the amount of $48,000.00.

The Defendant, although conceding in the argument before us that there was sufficient evidence of negligence to require the submission of the case to the jury, vigorously urges two specifications of error: (1) that the trial Court erred in taking an unnecessary and all too active part in the interrogation of the Defendant's witnesses to the great prejudice of the Defendant; (2) that the trial Court erred in failing to grant a new trial or to reduce the verdict because

of its excessiveness, which, it contends, ought to be measured by the substantive law as revealed by the decisions of the State Courts of Louisiana wherein the cause of action arose.

It is unnecessary for us to determine whether or not the Defendant was guilty of actionable negligence under the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., in not having the freight cars equipped with couplers that would function automatically upon impact, since the evidence clearly supports the allegation in the complaint that the servants of the Defendant were negligent in moving the train while Appellee was in a position of peril, of which they had, or should have had, knowledge, which, standing alone, would support a recovery even if the evidence had failed to support the allegation of negligence predicated upon defective couplers.

Appellant in its brief has devoted much effort in attempting to show that the trial Judge assumed the role of an advocate in propounding to Defendant's witnesses so many searching questions, and with so much frequency, as to influence the jurors to draw the inference that the Judge was hostile to the Defendant and incredulous as to much of the testimony of several of its witnesses. No useful purpose will be served by setting out the accused questions.

As a general rule a trial Judge, in order to maintain that impartiality which proper trial technique demands, should be careful not only as to the number and type of questions propounded by him to witnesses but also as to the manner in which they are propounded. The interrogation of witnesses by the trial Judge is by no means prohibited but oftentimes it is necessary to the administration of justice in developing the truth and in aiding the jury to understand the situation. The extent to which this may appropriately and reasonably be done is a matter which must rest largely in the sound and unabused discretion of the trial Judge. It is noted in the present case that the trial Judge asked a number of questions, but we are unable to say from the cold print that they, either singly or collectively, were such as to create any preju-

882

dice against the Defendant. Most of them seem quite innocuous and none seems to require the baneful imputation placed upon them by Defendant.

We now reach the question of the excessiveness of the verdict. It is not required that we set out the action that we would have taken had we been the trial Judge because the power and responsibility to deal with the issue of the excessiveness of a jury verdict, according to the decisions of this Court and of the Supreme Court, reside in the trial Judge. See Parsons v. Bedford, Breedlove & Robeson, 3 Pet. 433, 7 L.Ed. 734; New York Central Railroad v. Fraloff, 100 U.S. 24, 25 L.Ed. 531; City of Lincoln v. Power, 151 U.S. 436, 14 S.Ct. 387, 38 L.Ed. 224; Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; Southern Ry.-Carolina Division v. Bennett, 233 U.S. 80, 34 S.Ct. 566, 58 L.Ed. 860; Swift & Co. v. Ellinor, 5 Cir., 101 F.2d 131; Home Ins. Co. of New York v. Tydal Company, 5 Cir., 157 F.2d 851; and Railway Express Company v. Cox, 5 Cir., 179 F.2d 593. The Appellant, in recognition of, but in disagreement with, those decisions as to the limitations placed upon us by the Seventh Amendment, urges that after Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the ruling that we cannot reverse for excessiveness of the verdict is no longer effective, and that in diversity cases under the Erie case the quantum of damages should be measured by the substantive law of Louisiana as declared by its courts, which places the duty upon its appellate courts to reduce an excessive verdict. We cannot approve this contention in a case arising under a federal statute as here. The rights and remedies of the parties are not fixed by state law in actions brought under the Federal Employers' Liability Act even though the Act contains no rule by which damages should be measured. Brown v. Western Ry. of Alabama, 338 U.S. 294, 70 S.Ct. 105. Moreover, since the ruling announced in Swift & Co. v. Ellinor and Home Ins. Co. v. Tydal Company, supra, that this Court has no function to re-examine the amount of the verdict found by a jury is based upon limitations imposed by the Seventh Amendment of the Federal Constitution, the doctrine of Erie Railroad v. Tompkins, supra, could not abrogate, or set at naught, such rule so as to require, or to permit, us to follow state law on the subject. See Reid v. Nelson, 5 Cir., 154 F.2d 724.

From the foregoing it follows that the judgment of the lower Court should be, and the same is hereby, affirmed.